THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

*v.*

ANDREW J. GRUSH.

1. NEGLIGENCE—*duty of railroad company as to care in depots and stations.* The obligation of care on the part of a railroad company, extends to all the accessories of its business, among which are stations and depots. These must be constructed and arranged with care, properly lighted when

dark, and otherwise made safe and convenient for persons lawfully enter-
ing therein for the transaction of business. But in these, as in other mat-
ters, the company is only bound to use ordinary care, except in favor of
passengers.

2. Same—*injury from defect in platform.* Where there had been a de-
fect in the floor of the platform of a railroad company for nearly two
years, occasioned by the decay of a plank, exhibiting a hole, which fact
was known to the station agent having charge during that time, and the
plaintiff, by direction of his employer, to look after freight belonging to
the latter, lawfully entered upon the platform, and while there, between
five and six o'clock, p. m., for such purpose, and looking for the agent, he
accidentally stepped through the hole and received a severe internal in-
jury, he being free from negligence on his part, this court refused to set
aside a verdict in favor of the plaintiff for $1000.

Appeal from the Circuit Court of Macon county; the Hon.
A. J. Gallagher, Judge, presiding.

This was an action on the case, by Andrew J. Grush,
against the Toledo, Wabash and Western Railway Company,
to recover damages for a personal injury received by the
former in stepping through a hole in the platform of defend-
ant's station. A trial was had, resulting in a verdict and
judgment of $1000 for the plaintiff, from which the defend-
ant appealed.

Messrs. Nelson & Roby, for the appellant.

Messrs. Eden & Odor, for the appellee.

Mr. Justice McAllister delivered the opinion of the
Court:

This was an action on the case, brought by appellee in the
Macon circuit court, against appellant, to recover for an
injury received by the former, in stepping through a hole in
the platform of appellant's railroad station. Appellee re-
covered in the court below, and the only question made upon
this appeal is, as to the sufficiency of the evidence.

This case is not like that of *Gillis* v. *Pennsylvania R. R. Co.*, 59 Penn. St. R. 129, cited by appellant's counsel. That was a case where the plaintiff went upon the platform from mere curiosity and was injured by its fall. It was held, that not being upon the platform lawfully, as a passenger, or for the transaction of business, he could not recover.

In the case under consideration, the plaintiff lawfully entered upon the platform, by the direction of his employer, to see that certain freight belonging to the latter, and which had arrived at the station by appellant's road, was properly taken care of, and while upon the platform, between five and six o'clock p. m., for that purpose, and looking for the agent, he accidentally stepped through a hole in the platform, causing a severe internal injury, most satisfactorily established by the evidence.

He being lawfully there, and free from negligence, the only question remaining is, whether the circumstances would imply negligence on the part of appellant or its servants.

The obligation of care on the part of a railroad company extends to all the accessories of its business, among which are stations or depots. These must be constructed and arranged with care, properly lighted when dark, and otherwise made safe and convenient for persons lawfully entering therein for the transaction of business. But in these, as in other matters, the company is only bound to use ordinary care, except in favor of passengers. Shearm. & Red. on Neg. sec. 447. The record contains evidence tending to show that the defect in the floor of the platform where appellee was injured, had existed for nearly two years, and was known to the agent of appellant having charge during that time. It was occasioned by the decay of a plank, and exhibiting a hole for the length of time stated.

The law was given by the court to the jury quite as favorably for the appellant as it was entitled. It is not a strong or clear case upon the evidence, yet the verdict is not wholly

unsupported by the evidence, nor is it so manifestly against its weight as to bring the case within the rules of this court as to setting verdicts aside.

The judgment will therefore be affirmed.

*Judgment affirmed.*