#### '· The Illinois Central Railroad Company

*v.*

#### Mary Keegan.

*Opinion filed June 23, 1904.*

1. Railroads—*duty of railroad company to keep approach to station in reasonably safe condition.* Knowingly permitting snow and ice to accumulate on the steps leading to its station renders a railroad company liable to a person injured by reason thereof when on her way to the train, in the exercise of due care for her safety, if the accumulation rendered use of the steps dangerous, even though it did not amount to an obstruction to travel.

2. Same—*what does not excuse the dangerous condition of approach to station.* A railroad company is not excused from liability for permitting the steps leading to its station to be in a dangerous condition from accumulations of snow and ice by the fact that it had men at the station whose duty it was to remove such accumulations, if the employees failed to perform their duty.

*Illinois Central Railroad Co.* v. *Keegan,* 112 Ill. App. 28, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jonas Hutchinson, Judge, presiding.

This is an action on the case brought by the appellee, against the appellant, in the superior court of Cook county, to recover damages for an alleged personal injury sustained by the appellee while on her way to take a train at appellant's suburban station at Thirty-first street, in the city of Chicago, by falling down a flight of stone steps which connected said suburban station with the adjoining street.

The declaration contained one count, and in substance ·averred that on January 26, 1901, the defendant was possessed of a railroad extending through a portion of the city of Chicago, equipped with cars and locomotives, and was possessed of a station and grounds at Thirty-first street, in said city; that it was the duty of the defend-

ant to keep and maintain said station, and the grounds, walks and steps leading to it, in a safe and proper condition and free from obstructions and accumulations of snow and ice, so as not to expose the public and the plaintiff to unnecessary danger when going to and from the same, yet, not regarding its duty in that behalf, on the day aforesaid defendant permitted its steps leading to said station to be and remain covered with snow and ice and so slippery as to be dangerous to persons passing over the same, although the defendant knew of such danger and had reasonable time within which to have rendered the steps safe, prior to the happening of the accident herein complained of; that the plaintiff, intending to become a passenger on one of the defendant's trains, and while necessarily passing over said steps, in the exercise of reasonable care unavoidably stepped on said snow and ice there accumulated, and was thereby thrown with great force and violence to and upon the steps and ground, whereby she was injured, etc. The general issue was filed, and upon a trial a verdict for $3000 was returned in favor of the appellee here, upon which judgment was rendered, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

Three grounds are relied upon in this court for a reversal of the judgment: *First*, that the court erred in overruling appellant's motion in arrest of judgment; *second*, that the court erred in declining to instruct the jury to return a verdict in favor of the appellant at the close of all the evidence; and *thirdly*, that the court erred in refusing to give to the jury one of the instructions offered on behalf of the appellant.

W. A. Howett, (J. G. Drennan, of counsel,) for appellant.

O'Brien & McKinley, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The first contention of appellant is that the declaration fails to state a cause of action, in this: that it does not allege that the accumulation of snow and ice upon said steps was of such a character as to amount to an obstruction to travel; and it is said the averments in the declaration that said steps were covered with snow and ice, and were so slippery, by reason thereof, as to be dangerous to persons passing over the same, show no breach of duty on the part of the appellant which it owed to the appellee; in other words, that it is not sufficient to aver that the steps were covered with snow and ice, and thereby rendered slippery and dangerous to persons passing over the same from the street to the appellant's station, unless the accumulations of snow and ice were averred to be (which was not the case) of such a character as to amount to an obstruction to travel, the position of appellant being, that it might lawfully allow the snow and ice to accumulate upon the approaches from the streets of the city to its stations with impunity, provided such accumulations did not amount to an obstruction to travel upon such approaches, even though thereby the approaches to its stations were rendered slippery, and dangerous to persons seeking passage upon its trains. We do not agree with such contention. A duty rested upon the appellant towards the appellee and all other persons lawfully entering said station for the purpose of boarding its trains or transacting other business, to use ordinary care to keep the approach from the street thereto in a reasonably safe condition, and if it knowingly suffered snow and ice to accumulate upon the approach from the street to its station in such quantity as to make the approach slippery, and by reason thereof rendered its use dangerous, we think it clear the appellant would be liable to a person injured by slipping and falling upon such approach while upon his way to a train, if at the time of the injury he was in the exercise of due

care for his own safety, even though the accumulations of snow and ice were not of such a character as to amount to an obstruction to travel. In *Toledo, Wabash and Western Railway Co.* v. *Grush*, 67 Ill. 262, on page 264, the court said: "The obligation of care on the part of a railroad company extends to all the accessories of its business, among which are stations or depots. These must be constructed and arranged with care, properly lighted when dark, and otherwise made safe and convenient for persons lawfully entering therein for the transaction of business."

A number of cases have been cited and relied upon by the appellant to sustain the position that this declaration fails to state a cause of action, by reason of the lack of the averment that the accumulation of snow and ice upon the steps amounted to an obstruction to travel. We find, however, upon an examination of the authorities relied upon, that they are cases wherein it has been held that cities and villages are not liable to a pedestrian who has been injured by slipping and falling upon a street by reason of an accumulation of snow or ice thereon unless such accumulation amounted to an obstruction to travel. We think such decisions are grounded upon a question of public policy which is not involved in the case at bar. It would be unreasonable and impose an undue burden, and one which in many cases might lead to bankruptcy, to require a city or village to keep its streets free from snow and ice under all circumstances, while such requirement would not be unreasonable and unduly burdensome when applied to a corporation engaged in the carriage of persons for hire, and while we fully endorse the reasoning of the cases referred to, we are of the opinion such reasoning does not apply to railroads and other common carriers. In Shearman and Redfield on Negligence, (sec. 506,) in speaking of the duty of a railroad company, it is said: "It must, therefore, use ordinary care to properly construct stations, platforms, stairs,

etc., and keep them in good and safe condition for use, properly lighted and heated, and free from obstructions, slipperiness and other defects, so as to avoid danger to passengers which could be reasonably anticipated." And in *Weston* v. *New York Elevated Railroad Co.* 73 N. Y. 595, which was an action to recover damages for injuries sustained by falling on an uncovered platform on defendant's road, over which it was necessary for passengers to pass to reach the cars and which the defendant had permitted to become covered with snow and ice, the trial court charged the jury "that the defendant was bound to be on the alert during cold weather and to see whether there was ice upon the platform, and to remove or make it safe by sanding it or putting ashes upon it, or in some other manner." The instruction was approved by the court of appeals, that court remarking "that the rule stated by the court, as applied to the case, was proper and not too stringent, and that the evidence justified the submission to the jury of the question of negligence and contributory negligence; that the condition of the platform was at all times within the notice of defendant and its servants, and there was no difficulty in making it safe."

We think the declaration stated a good cause of action, and that the court did not err in overruling the motion in arrest of judgment.

The contention next made is, that the court erred in refusing a peremptory instruction in favor of the defendant at the close of all the evidence. The disposition of this question involves a brief consideration of the facts, with a view to determine whether there is evidence in the record fairly tending to prove the cause of action laid in the declaration.

The right of way of the appellant at its Thirty-first street station is some eight or nine feet below the level of the adjoining street, and passengers reach the platform from which they take its trains, by passing from the street level to the level of its right of way by a flight of

stairs consisting of thirteen stone steps, said stairway being nine and one-half feet wide at the top and eight and one-half feet wide at the bottom, along one side of which runs a hand-rail, the other side being enclosed by a stone wall, which stairway starts near the margin of the street located immediately west of the station and lands upon a level with the platform. At the time of the injury of appellee the stairway was uncovered, the weather was near the freezing point and snow was falling and had been falling almost continuously for a period of forty-eight hours. The street adjoining the station was covered with slush, snow and ice from a depth of three to six inches. Several hundred people passed up and down the stairway daily in going to and from appellant's trains, and in going to the station from the street a great deal of slush and snow was deposited from their feet upon the steps. The appellee testified that shortly after one o'clock in the afternoon on the day of the injury she went to the Thirty-first street station of appellant to take a south-bound train; that when she arrived at the station she started to go down the steps; that she saw they were very icy, and that she was very careful; that she slipped on the first step, and her feet went from under her and she fell to the bottom of the steps. A number of other witnesses who arrived at the station about the time the appellee fell, or were called there to assist in removing her to her home, testified that the steps were covered with slush, snow and ice, and were very slippery. They concurred in saying a coating of slush, snow and ice covered the steps from one and one-half to three inches thick. The appellant did not attempt to contest their statements as to the condition of the steps, but sought to excuse itself on the ground it had two or more men present whose duty it was to keep its platforms and said stairway free from slush, snow and ice.

The stairway in question was the only means of egress and ingress to and from the station of the appel-

lant and was used exclusively by its patrons. It was the duty of the appellant to use reasonable care to keep the said stairway in a reasonably safe condition, and in view of the evidence heretofore referred to, the questions whether it used such reasonable care and what was the condition of the steps at the time of the injury were questions of fact for the jury. The fact that the appellant had men present whose duty it was to remove the slush, snow and ice from the steps would not excuse it for a failure to keep the stairway in a reasonably safe condition for use by persons seeking to take passage upon its trains, if such employees failed and neglected to use due diligence to remove the slush, snow and ice deposited upon said steps. The trial court did not err in declining to take the case from the jury, but properly left to them the question whether the appellant used proper diligence to keep said steps in a reasonably safe condition under the circumstances as disclosed by the evidence.

It is further urged that the court erred in refusing to give to the jury one instruction offered on behalf of the appellant. The court gave to the jury all instructions offered on behalf of the appellant save that one. The instruction was subject to the criticism that it singled out and gave undue prominence to certain facts disclosed by the evidence, which practice in framing instructions has been often condemned by this court. In any event, the substance of the instruction was contained in other instructions which were given to the jury on behalf of the appellant, and its refusal did not constitute reversible error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*