## Toledo, St. Louis & Western Railroad Company v. Jesse J. Stevenson.

1. DEPOT—*duty of carrier with respect to.* A common carrier owes to a passenger the duty of exercising reasonable care to keep its platform—the approach from its depot to its train—in good and safe condition, free from obstructions.

2. DEPOT—*what does not excuse duty of carrier to light.* The duty

Toledo, St. L. & W. R. R. Co. v. Stevenson.

of a common carrier sufficiently to light its depot is not excused by the fact that there is no system of public lighting in the municipality in which it is located.

3. MOTION TO EXCLUDE—*when too late.* If the objection to the testimony is apparent at the time it is given, a motion to exclude comes too late after the witness has been excused from the stand.

4. WITNESS—*what competent to affect credibility of.* It is competent to show that a witness testifving on behalf of a party has written letters to the other party in behalf of the one for whom he is testifying.

5. CROSS-EXAMINATION—*what proper upon, as affecting the credibility of a witness.* A party litigant should be allowed opportunity on cross-examination to interrogate a witness as to his relations with and his disposition toward the plaintiff or defendant, whether such relations and disposition be friendly or hostile.

6. INSTRUCTION—*must be predicated upon the evidence.* Instructions given in a cause must be predicated upon the evidence therein.

7. REVERSAL—*when errors will not effect.* Notwithstanding errors have intervened in the trial of a cause, a reversal will not be ordered where it is apparent that substantial justice has been done.

Action on the case for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. JAMES W. CRAIG,. Judge, presiding. Heard in this court at May term, 1905. Affirmed. Opinion filed November 24, 1905.

CHARLES A. SCHMETTAU and A. J. FRYER, for appellant; CLARENCE BROWN, of counsel.

S. S. ANDERSON and J. S. HALL, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for a personal injury sustained by reason of the alleged negligence of appellant in failing to sufficiently light its depot platform in the village of Lerna, and in permitting a baggage truck to be and remain on said platform as an obstruction. There was a verdict and judgment against appellant in the court below for $400.

At about 9 o'clock on the night of May 8, 1904, appellee went to the depot of appellant with. the intention of becoming a passenger on its east-bound passenger train due to leave Lerna at 9:30. Upon the arrival of the train, somewhat late, the engine stopped in front of the depot and the passenger cars were thus some distance west of the depot.

Appellee hurriedly came out of the depot and ran on the platform toward the coach for the purpose of boarding it. When he had thus gone twenty or thirty feet, he struck the sharp edge of the front iron of a small baggage truck and sustained a compound fracture of his right leg, between the knee and the ankle.

It is uncontroverted that the night was dark and rainy; that there was no stationary light on the platform; and that the light, if any, in the depot would not have disclosed the presence of the truck. The evidence with reference to the precise location of the truck on the platform is contradictory, that on behalf of appellant tending to show that the truck was on the extreme edge of the platform, twelve feet from the south rail of appellant's track, and that on behalf of appellee tending to show it was much nearer the middle of the platform and in the direct line of appellee's way from the depot door to the coach. We are not disposed to say that the jury were not justified in finding that the truck was located as contended for by appellee.

Appellee, at the time of his injury, sustained the relation of passenger to appellant, and the latter was bound to exercise reasonable care to keep its platform—the approach from its depot to its train—in good and safe condition, free from obstructions, for his use. I. C. R. R. Co. v. Keegan, 210 Ill. 150.

The court did not err in overruling appellant's motion to exclude from the consideration of the jury the testimony of the witness Vanatta as to the location of the truck, as he observed it shortly after the injury. If the testimony was open to objection, such objection was apparent when the witness was interrogated. It does not appear from the abstract that counsel for appellant then made any objection, and it was too late, after the witness had been discharged, to move to exclude. The testimony in the main was, however, competent in corroboration of appellee's testimony as to the location of the track at the time of his injury.

For the purpose of showing the special interest taken by the witness Vanatta, in the prosecution of the suit, and

his hostility to appellant, counsel for appellant offered in evidence, during the cross-examination of the witness and again in connection with appellant's case in chief, certain letters written by the witness to an officer of appellant, claiming damages on behalf of appellee for the injury sustained and threatening suit unless his claim therefor was adjusted, but the court sustained appellee's objections to such offers.   The evidence was competent and should have been admitted at such time as the court in its discretion might permit, preferably, we think, as a part of appellant's case.   As affecting the credibility of a witness, a party litigant should be allowed opportunity on cross-examination to interrogate such witness as to his relations with and his disposition toward the plaintiff or defendant, whether such relations and dispositions be friendly or hostile.   If counsel for appellant had been permitted to pursue the line of cross-examination evidently intended, there would have been no occasion to introduce in evidence the letters referred to because the witness admitted writing the letters, and had made no statement inconsistent therewith.   Counsel for appellee, however, interposed objections to questions put to the witness for the purpose of informing the jury of the contents of the letters, upon the ground that the letters were the best evidence, and such objections were sustained. The objections suggested the competency of the letters as evidence, but when offered they were excluded.   The witness frankly admitted he had assisted appellee in getting evidence in the case, had assisted counsel in getting ready for trial, and had written two letters to appellant's superintendent in regard to the claim.   We are, therefore, clearly of the opinion that the ruling of the court excluding the letters did not operate to the prejudice of appellant.

The first instruction given at the request of appellee was not applicable to the facts in the case and should have been refused.   The second instruction, while not entirely free from criticism, states the law applicable to the case at bar with substantial accuracy.   T., W. & W. Ry. Co. v. Grush, 67 Ill. 262.   The duty of a railroad company to

exercise reasonable care to keep its depot platforms in good and safe condition for the use of passengers, requires it properly to light such platforms, when necessary, and the fact that there is no system of public lighting in the municipality cannot be urged as an excuse for a failure to perform that duty.

The instructions tendered by appellant and modified by the court, were not modified to appellant's prejudice, and the refused instructions were properly refused because they infringed on the province of the jury.

Upon the entire record, we are satisfied the judgment stands for substantial justice, and that another trial of the case would result in a like verdict and judgment against appellant. In such case, intervening errors not affecting the merits of the controversy will not work a reversal of the judgment of the trial court.

The judgment is affirmed.

*Affirmed.*