White v. Chicago, Peoria & St. Louis R. Co., 196 Ill. App. 459.

is no express provision in the present statute for compelling the county of Lee to aid in building any of these nine bridges. But there is a proviso as to bridges over streams near county lines that cost less than $5,-000. Assuming "near" is to be read "within eighty rods," we have a description of the last two bridges in question here, and it is imperatively said that the cost shall be borne by both counties in practically the same language as to proportionment found in the statute under discussion in the *People v. Com'rs of Highways, supra.* But there is no direction as to enforcing the duty, and the adjustment of the relative amounts to be paid is fixed by reference to a succeeding section, as it was in the former act.

We do not see that the statute admits of a different construction from that given former acts in the two cases above cited. We are therefore of the opinion that the court erred in granting the prayer of the petition as to the seven bridges on the county line road, and did not err in refusing to grant the prayer of the petition as to the two bridges within eighty rods of the county line. That part of the judgment granting the prayer of the petition as to the seven bridges on the county line is reversed, and the part denying the prayer of the petition as to the two bridges near the county line is affirmed.

*Reversed in part and affirmed in part.*

---

## A. H. White, Defendant in Error, v. Chicago, Peoria & St. Louis Railroad Company, Plaintiff in Error.

### Gen. No. 6,206.

1. RAILROADS, § 416*—*how decree of foreclosure providing for enforcement of payment out of assets of sale and assumption of liabilities construed.* Where a decree ordering the sale of a railroad under foreclosure requires the purchaser at such sale to assume certain liabilities incurred by the receivers of such railroad before the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

foreclosure, and also provides for enforcing the payment of such claims out of assets received by the purchaser at the sale, the provision as to assumption of liabilities is independent of the provision for enforcing payment out of the assets.

2. RAILROADS, § 427*—*when liability of purchaser at foreclosure sale for personal injuries based upon decree.* In an action by a passenger for personal injuries which first accrued against the receivers of a railroad corporation, where defendant is either the purchaser or assignee of the purchaser at a foreclosure sale of the property of such corporation under a decree requiring such purchaser and its assigns to assume and pay all liabilities incurred by such receivers in the operation of such railroad, defendant's liability rests on the provisions of such decree, and compliance therewith.

3. PLEADING, § 100*—*what is effect of plea of general issue in action for negligent injuries.* In an action to recover for personal injuries alleged to be the result of negligence, a plea of the general issue is to be treated as a plea of not guilty and as a general denial of the material averments of the declaration.

4. RAILROADS, § 427*—*when purchaser at foreclosure sale assumes liabilities.* Where a decree ordering the sale on foreclosure of the property of a railroad required the purchaser at such sale or its assigns to assume, as part of the purchase price, all liabilities incurred by the receivers remaining unpaid at the time of sale, such purchaser or its assigns, by acquiring such property, undertook to pay such liabilities when established as provided by the decree.

5. RAILROADS, § 53*—*when purchaser at foreclosure sale assuming liabilities may be sued.* In an action on a liability first accruing against the receivers of a railroad before the sale of its property under foreclosure, where defendant is either the purchaser at such sale or the assignee of such purchaser, and where the decree ordering such sale requires such purchaser and its assigns to assume and pay all liabilities incurred by such receivers when such liabilities are established as provided by such decree, defendant cannot contend that the liability of the receivers has not been established where they are joined as parties, since defendant is the only party having a real interest in the defense, and is permitted to control such defense and required to assume its burdens.

6. RAILROADS, § 427*—*when purchaser at foreclosure sale directly liable for claims against receiver.* Where a decree ordering the sale under foreclosure of the property of a railroad corporation requires that the purchaser at such sale or its assigns unconditionally assume and pay all liabilities accruing against the receivers of such corporation, such liability may be enforced in an action at law directly against such purchaser or its assigns.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7.  CONTRACTS, § 349*—*when person not party to contract right of action in own name.* A third person not a party to a contract made for his benefit may maintain an action in his own name for a breach of such contract.

8.  RECEIVERS, § 46*—*how claims against enforced.* Receivers of corporations are not personally liable for claims accruing against them as such receivers, but property in their hands as such receivers may be subjected to the payment of such claims, after the sale of such property by such receivers.

9.  RAILROADS, § 427*—*when provisions in foreclosure decree as to establishment of assumed claims against purchaser complied with.* In an action on a liability first accruing against receivers of a railroad corporation, where defendant is the purchaser or assignee of the purchaser of the property of such corporation at a foreclosure sale under a decree requiring such purchaser or its assigns to assume and pay all liabilities incurred by such receivers before foreclosure, provided that such liabilities are established as provided by the decree, a plaintiff has substantially complied with the provisions of such decree as to the establishment of his claim where such purchaser or assignee defends the action in the State Court, although such receivers are not joined as parties to the action.

10.  APPEAL AND ERROR, § 1699*—*when error in overruling motion to direct verdict waived.* It is not error to overrule a motion made by defendant at the close of plaintiff's evidence for a directed verdict in its favor on the ground of variance where defendant did not rest, but introduced evidence on its own behalf, thereby waiving any error in overruling its motion.

11.  CARRIERS, § 476*—*when evidence sufficient to establish ownership of railroad.* In an action to establish a claim for personal injuries sustained by a passenger by stepping off the unlighted platform of a railroad depot, which claim first accrued against the receivers of such railroad corporation before foreclosure, and where defendant was alleged to be the owner of such railroad by assignment from the purchaser of such railroad at a foreclosure sale ordered by a decree requiring that such purchaser or its assigns assume such liabilities when established as required by the decree, evidence *held* to warrant a finding that at the time the action was brought defendant was in possession of and was operating the railroad as owner, and that it could have become such owner only as the purchaser or as assignee of the purchaser at such sale.

12.  EVIDENCE, § 471*—*when evidence sufficient to prove facts.* Slight evidence, not so clear and accurate as is required on disputed questions, is sufficient to prove facts which no one is expected to or

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

462 APPELLATE COURTS OF ILLINOIS.

White v. Chicago, Peoria & St. Louis R. Co., 196 Ill. App. 459.

does deny, and which are naturally assumed from the history of the case.

13. CARRIERS, § 362*—*when evidence sufficient to establish negligence in failing to light station platform.* In an action by a passenger to establish a claim for personal injuries sustained as a result of stepping off a railroad platform in the nighttime, alleged to be due to the negligence of the receivers of such railroad in failing to light such platform, where defendant had assumed the liabilities of such receivers, evidence *held* to warrant a finding that such receivers were negligent in failing to light the platform.

14. CARRIERS, § 421*—*when evidence sufficient to establish exercise of due care by passenger injured by stepping off station platform.* In an action by a passenger to establish a claim for personal injuries sustained by stepping off a railroad platform in the nighttime, where it was alleged that the receivers of such railroad corporation negligently failed to light such platform, so that when plaintiff was looking for a toilet he failed to see the edge of the platform owing to the darkness, evidence *held* to warrant a finding that plaintiff exercised ordinary care.

15. DAMAGES, § 128*—*when verdict not excessive in action for personal injuries.* In an action to recover for personal injuries sustained by a man fifty-two years of age, and of an earning capacity of about $100 a month, where the injuries sought to be recovered for consisted of a fracture of the arch of the foot, causing suffering for several weeks, and resulting in a permanent injury to the foot, materially interfering with walking, a verdict for plaintiff of $5,000 *held* not excessive.

16. APPEAL AND ERROR, § 1772*—*when judgment will not be reversed.* Although an action involves questions which cannot be decided on any existing decisive authority, a court of review will not reverse a judgment in such action where substantial justice appears to have been done, and where there is no reason to suppose that a retrial under different procedure directed by the reviewing court would be more in accord with established methods.

Error to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed December 8, 1915. *Certiorari* denied by Supreme Court (making opinion final).

STEVENS, MILLER & ELLIOTT, for plaintiff in error; WILSON, WARREN & CHILD, of counsel.

DAILY & MILLER and ROBERT N. MCCORMICK, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

A. H. White, the defendant in error, was injured in the night of November 11, 1912, by stepping off the unlighted depot platform of the Chicago, Peoria & St. Louis Railway Company at Forrest City, Illinois, and falling on the ground, while waiting as a passenger to take a train. The company was at that time in the control of receivers appointed by the District Court of the United States for the Southern District of Illinois, Southern Division, in a foreclosure suit there pending. Afterwards, and before this suit was begun, there was a sale of all the railway property in said foreclosure proceeding, and the plaintiff in error, with the same name as the other corporation except the word "railway" was changed to "railroad," seems to have acquired title to the property under the foreclosure sale, and was operating the road when this suit was commenced. Under the decree of sale, one so acquiring title was required to pay in addition to the purchase price bid "to the extent that the assets or proceeds of assets in the receiver's hands shall be insufficient for that purpose" among other things, "liabilities which shall have been legally incurred" in the operation of the railway by the receivers, before delivery of possession of the property sold. And it was provided in the decree of sale that any portion of such liabilities not paid prior to such delivery of possession to the purchaser should, when duly established, remain and constitute a fresh lien upon the property in the hands of the purchaser, or his assignee, until fully paid. And further provided that any claim for any such liability incurred during the receivership not presented to the receivers before the delivery of the possession of the property shall be presented for allowance within four months after the first publication by the receivers of a notice pub-

lished upon the request of any purchaser after delivery of possession of the property to the purchaser, and that claims not presented within four months after said first publication shall not be enforceable against the receivers, the property, the purchaser or his assignees. And further provided if the purchaser, or his assignee, shall refuse, after demand made, to pay any such liability, "the person holding the claim therefor, whether established in a State Court, or any other court of competent jurisdiction, may, upon fifteen days' notice to said purchaser, his or their successors or assigns, file his petition in this (Federal) Court to have his said claim enforced against the property, * * * and that such purchaser, or assignee, shall have the right to appear and make defense to any claim so sought to be enforced. * * * And jurisdiction of this suit is retained by this (Federal) Court for the purpose of enforcing these provisions of this decree." And further provided that such purchaser or assignee "shall have the right to enter his or their appearance in this court or in any other court," and that such purchaser or assignee or any party to the foreclosure suit might contest any claim existing and undetermined at the time of the sale, or any demand presented thereafter which would be payable by such purchaser or assignee, or chargeable against the property purchased in addition to the amount bid by such purchaser.

The part of the decree from which we have attempted to state the provisions applicable to the questions presented here, reads as follows:

"The purchaser or purchasers, his or their successors or assigns, shall, as part consideration and purchase price of the property purchased, and in addition to the sum bid, take the property and receive the deed or deeds therefor upon the express condition that he or they or his or their succsesors or assigns shall pay, satisfy and discharge—to the extent that the assets or proceeds of assets in the receivers' hands shall be

insufficient for that purpose—any residue, remaining after the application of the proceeds of the sale of the mortgaged premises, (a) of any unpaid compensation that shall have been allowed by this court to the receivers, (b) of all indebtedness and obligations or liabilities which shall have been legally contracted or incurred, in or about the management and operation of the railroads and properties of the defendant Railway Company, by the receivers before delivery of possession of the property sold; and any portion of such indebtedness, obligations and liabilities which shall not have been paid by the purchaser or by the receivers, prior to such delivery of possession shall, when duly established, remain and constitute a fresh lien upon the property in the hands of the purchaser or purchasers, his or their successors or assigns, until fully paid, satisfied or discharged, provided, however, that any such claims for indebtedness, obligations or liabilities contracted or incurred during the receivership which shall not have been presented to the receivers at the time of delivery of possession of such property shall be presented for allowance within four (4) months, after the first publication by the receivers of a notice published in a newspaper regularly issued, and having a general circulation in Springfield, Illinois, which said publication shall be made at least once a week for a period of four (4) weeks upon request of any such purchaser or purchasers after delivery of possession of the property to the purchaser or purchasers; and any such claims which shall not be presented for allowance within the period of four (4) months after said first publication of notice shall not be enforceable against the said receivers, nor against the property sold, nor against the purchaser or purchasers, his or their successors or assigns; and (c) of any indebtedness and liabilities, contracted or incurred by the defendant Railway Company in the operation of its railroad and property before the appointment

of the receivers, that are prior in lien to the consolidated mortgage and that shall not have been paid or satisfied out of the income of the railroads and the properties in the hands of the receivers, for the collection and enforcement of which either claims or intervening petitions have been filed in this cause, upon this court adjudging the same to be prior in lien to said consolidated mortgage and directing payment thereof. Any payment for any such purpose made by the purchaser or purchasers, his or their successors or assigns, in advance of the final accounting and discharge of the receivers shall be treated as advances and subject to final adjustment on such accounting. In the event that such purchaser or purchasers, his or their successors or assigns shall refuse, after demand made, to pay any of the aforesaid indebtedness, obligations or liabilities, the person holding the claim therefor, whether established in a State Court or any other court of competent jurisdiction, may, upon fifteen days' notice to said purchaser, his or their successors or assigns, file his petition in this court to have his said claim enforced against the property aforesaid in accordance with the usual practice in relation to claims of a similar character; and such purchaser or purchasers, his or their successors or assigns, shall have the right to appear and make defense to any claim so sought to be enforced, and either party shall have the right to appeal from any order, judgment or decree made thereon. And jurisdiction of this suit is retained by this court for the purpose of enforcing these provisions of this decree.

"And such purchaser or purchasers, and his or their successors or assigns, shall have the right to enter his or their appearance in this court or in any other court, and he or they and any of the parties to this suit shall have the right to contest any claim, demand or allowance existing at the time of the sale and then undetermined or any claim or demand which may arise

or be presented thereafter, which would be payable by such purchaser or purchasers, his or their successors or assigns, or which would be chargeable against the property purchased in addition to the amount bid by such purchaser or purchasers at the sale; and may appeal from any decision relating to any such claim, demand or allowance.

"The purchaser or purchasers at such sale shall immediately after the confirmation thereof become entitled to enter his or their appearance in this suit and become a party to the record herein, thereby becoming bound by all proceedings thereafter taken in this suit."

It is to be observed that the purchaser's assumption of liability for payment of claims against the receivers is independent of the provisions for enforcing payment out of assets that the purchaser receives under the sale. The liability, if any, of plaintiff in error, rests on the above provisions in the decree of sale under which it acquired the property, and while it is contended that the evidence does not establish negligence of the receivers or due care of the defendant in error, the principal and difficult question is whether, assuming a case made that would have warranted a judgment against the receivers, the plaintiff in error is liable, in this action in which the receivers are not a party, for a claim that the receivers never had an opportunity to defend.

The declaration, as finally amended, set out the receivership, the wrong and injury complained of occurring during such receivership, the substance of the above quoted provisions of the decree as to liability of purchasers and assignees of purchasers at the receivers' sale; averred that the defendant was such assignee; that there was and had been no funds in the hands of the receivers for payment of the claim; that the claim had been presented to the receivers within four months after publication of notice, as provided in the decree, and had not been paid. The de-

468 APPELLATE COURTS OF ILLINOIS.

White v. Chicago, Peoria & St. Louis R. Co., 196 Ill. App. 459.

fendant pleaded the general issue, and a special plea setting out the above quoted provisions of the decree practically as recited in the declaration, and averring that said claim had never been established against said receivers; that said receivers had never been sued thereon or given an opportunity to defend the same in any court of competent jurisdiction, and alleging that until said claim has been so established against said receivers the indebtedness cannot be enforced against the defendant, or the property acquired by the defendant at the foreclosure sale, and that when said claim is established against said receivers the obligation cannot be enforced against the defendant or its property except by filing a petition in said Federal Court. The trial court sustained a demurrer to this special plea, and the defendant, standing by the plea, went to trial on the general issue, which was a plea of not guilty assumed and treated on the trial as a general denial of the material averments in the declaration. A verdict of $5,000 was rendered, and the court, after denying motions for a new trial and in arrest of judgment, entered judgment on the verdict against the defendant in the usual form, except instead of ordering execution to issue thereon it was provided that the judgment should be satisfied and enforced in manner and form as provided by the order and decree of the Federal Court, referring in apt words to the decree hereinbefore mentioned.

There was proof of the service of notice of claim on the receivers, and demand and refusal of payment within the four months' time limited by the decree, and no question is made of insufficiency of proof of the averment in the declaration that there were no funds in the receivers' hands to pay the claim. The argument of plaintiff in error on this branch of the case rests on its assumption, as stated in its plea, that no direct liability could arise against it until the claim was established in a suit against the receivers.

Assuming this to be a liability incurred in the operation of the road by the receivers and remaining unpaid at the time of the sale and delivery of the property under the decree, plaintiff in error, by acquiring the property, undertook to pay it when it should be duly established, provided it should be presented for allowance to the receivers within the four months limited, and the decree provided that the claim might be established in a State Court, and plaintiff in error had the right to appear in such State Court and contest the validity of the claim. If the receivers had been made defendants to this suit, and the plaintiff in error had appeared with the receivers and contested the suit, there would have been little, if any, ground for objection that the claim had not been established, in a manner to bring it within the provisions of the decree. In such case plaintiff in error would have been the only party having any real interest in the defense of the suit, and would have been permitted to control the defense and required to assume its burdens. Therefore, the question is whether the defendant in error, by omitting a nominal defendant not interested in the result of the suit and suing the real party interested in defending the claim, has forfeited his right of recovery. If plaintiff in error had unconditionally assumed the payment of all valid claims of this character, we are aware of no reason why its liability could not have been enforced in a direct suit at law against it. It has long been settled law in this State that where one person enters into a single contract with another for the benefit of a third person, not a party thereto, the latter may maintain an action in his own name on such contract for the breach. (*Eddy v. Roberts,* 17 Ill. 505; *Bristow v. Lane,* 21 Ill. 194; *Beasley v. Webster,* 64 Ill. 458; *Snell v. Ives,* 85 Ill. 279; *Thompson v. Dearborn,* 107 Ill. 87.) An additional reason for its application exists in this class of cases, as receivers are not personally liable for such claims, but property in their

470 APPELLATE COURTS OF ILLINOIS.

White v. Chicago, Peoria & St. Louis R. Co., 196 Ill. App. 459.

hands may be subjected to their payment under certain conditions, even after its sale by them. (*Bartlett v. Cicero Light Co.,* 177 Ill. 68; *Knickerbocker v. Benes,* 195 Ill. 434.)

It is no doubt true, as counsel say, that plaintiff in error is not liable to any one that has not brought himself within the provisions of the decree. But we are not inclined to hold that the defendant in error in establishing the validity of his claim in a State Court, where it was contested by the only party interested in defending it, has failed to substantially comply with those provisions. No possible benefit to plaintiff in error could have accrued from making the receivers a party to this action after they had executed their trust and turned over all their property and had neither personal nor official interest in defending the claim. We are therefore of the opinion that the court did not err in its rulings on pleadings, evidence and instructions involving that question.

At the close of the plaintiff's evidence the defendant asked the court to direct a verdict in its favor, and among other reasons claimed that there was a variance between the declaration and the proof in that the declaration alleged that the defendant became the purchaser of the property at said foreclosure sale and the proof fails to show who was the purchaser, or who is now the owner of the property, which motion was overruled. The defendant did not rest its case but introduced evidence in its own behalf after this action of the court, thereby waiving any error in so overruling that motion. But at the close of all the evidence it renewed its motion, which was again overruled. In presenting its last motion it did not again suggest a variance, and it may be doubted whether the court, without repetition of the objection, was required to consider that question in ruling on this second motion after more evidence had been heard. But assuming that he was, we are inclined to the opinion that there

was sufficient proof in the record to warrant the finding that plaintiff in error was, at the time of the commencement of this suit, in possession of and operating the road as owner, and it could only have become the owner as the purchaser or assignee of the purchaser at said judicial sale. The proof on that question is meager, but it is an instance of slight proof of a fact that nobody is expected to deny and nobody does deny, and that is naturally assumed from the whole history of the case, and therefore may be established by evidence not so clear and accurate as is required on disputed questions.

It is urged that the evidence does not show negligence of the receivers or due care on the part of the defendant in error. It appears that Forrest City is a small town. That at the time in question White was a man about fifty-two years old with an earning capacity of about $100 a month; that he was unacquainted in Forrest City, but reached there and passed near the depot before dark on the day of the injury. After dark he went to the depot and purchased a ticket from the agent in charge. The train that he wished to take was late, and while waiting he went out on the platform to look for a toilet. It was so dark that he could not see the edge of the platform or the ground, and in trying to pass around the end of the depot he stepped off the platform, which extended no further than the depot, and fell a distance of three or four feet, badly injuring his foot, breaking down the arch, resulting in much pain and suffering for several weeks and in a permanent injury, causing pain and materially interfering with his walking. There is no controversy in the evidence as to the manner or extent of the injury. It was a fair question for the jury whether the receivers were negligent in failing to light the platform, and whether defendant in error was exercising such care as ordinarily prudent men would use under similar circumstances. We are of the opinion that they were

warranted by the evidence in finding these issues in favor of the defendant in error on principles announced in *Toledo, W. & W. Ry. Co. v. Grush,* 67 Ill. 262; *Illinois Cent. R. Co. v. Keegan,* 210 Ill. 150; and *Toledo, St. L. & W. R. Co. v. Stevenson,* 122 Ill. App. 654.

It is also claimed the judgment is excessive, but considering the latitude given juries in assessing damages in such cases, we do not think it is the duty of this court to disturb the verdict on that ground.

There are questions involved that cannot be answered on any decisive authority that we know of. It seems to us substantial justice has been done, and that we cannot award a retrial of the case with any confidence that a different procedure directed by us would be more in accord with established methods. The judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part.