Bert B. Blake for Use of Merle L. McPherren and Eva McPherren, Appellee, v. Continental Casualty Company, Appellant.

Gen. No. 37,696.

Opinion filed December 24, 1934.   Rehearing denied January 7, 1935.

GEORGE C. BLISS, of Chicago, for appellant.

CHAPMAN & CUTLER, of Chicago, for appellee; DAYTON OGDEN, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In a suit by Blake for the use of the McPherrens and upon trial by the court there was a finding for plaintiff in the sum of $2,469.55, with judgment thereon, which defendant asks us to reverse.

The statement of claim discloses that the suit is based upon an automobile liability insurance contract issued by defendant insurance company to plaintiff Blake. The evidence shows that while the policy was in force, Blake, driving an automobile in California, collided with another automobile which was driven by Mr. McPherren and in which Mrs. McPherren also was riding.

Separate actions in case were brought in the courts of Cook county by the McPherrens against Blake. In both cases the. McPherrens recovered. The amount for which judgment was recovered here is the total amount of the judgments rendered against Blake in these actions, together with costs of suit. Defendant insurance company refusing to pay the judgments upon demand, suit was brought against it for the benefit of the McPherrens (as the insurance policy provided might be done) to recover the amount claimed to be due under the promise to indemnify.

The policy provided:

"This insurance is subject to the following conditions and failure on the part of the Assured to comply therewith shall forfeit the right of the Assured or of any judgment creditor of said Assured to recover hereunder.

" . . . The Assured shall not voluntarily admit any liability for an accident and no loss arising from a liability which has been voluntarily assumed by the Assured shall be covered hereunder."

The affidavit of merits alleged: "Following an alleged accident in which it is claimed that Merle L. McPherren and Eva McPherren were injured, the said Bert B. Blake did voluntarily admit liability for said

accident in violation of one of the conditions of said contract of insurance''; and this is the only substantial defense that has been urged upon this appeal.

The evidence tends to show that on the morning following the California accident, Blake visited the hospital in which Mr. and Mrs. McPherren then were and said that ''he was very sorry it happened; that it was all his fault.'' The evidence also tends to show that Blake was at that time, as Mr. McPherren says, ''greatly upset and took the whole blame and assured him (McPherren) that he and his wife would be taken care of,'' or to put it in other words, the witness says that Blake stated ''that he was very, very sorry it happened and he did not mean to do it and meant no harm to anyone, that he just lost his head completely; it was something he wouldn't have had happen but he simply lost his head, and didn't know what to do.''

Defendant contends that this evidence disclosed a failure on the part of Blake to fulfill the condition of the contract of insurance upon which the obligation of defendant was dependent; that the condition was a reasonable one, and that by the express terms of the contract the failure of the assured to comply with it forfeited the right of the assured, or any judgment creditor of the assured, to recover. In support of this contention defendant cites a number of cases where it is claimed that under somewhat similar provisions it was so held. The case most nearly in point and most relied on is *American Automobile Ins. Co. v. Fidelity & Casualty Co.*, 159 Md. 631, in which many of the other cases cited by defendant are reviewed. The condition of the policy there in controversy was: ''The Assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceeding or incur any expense or settle any claim, except at Assured's own cost, without the written consent of the Company previously given; the

Company reserves the right to settle or defend, as the Company may elect, any such claim or suit brought against the Assured.'' There an accident occurred in which the testimony tended to show that the assured who was driving was either drunk or had been drinking about the time of the accident. The insurer was notified and sent its claim adjuster to interview the assured at the hospital. The adjuster saw and talked with him there in the presence of a police officer and a Dr. Murray, the father-in-law of the insured. At the conclusion of that interview the assured signed a written statement, the material parts of which are as follows:

''I, . . . agree to pay for the repairs to Dr. Chester Riland's Flint sedan that was damaged by being struck by my Buick Sedan that was driven by me on December 10, 1926, at 12:15 a. m. . . . I also agree to pay him for loss of use of his car. I agree to pay all expenses for repairs and loss of use. I was at fault in this accident.'' The court said that provisions of this kind were necessary in many cases to prevent collusion between the assured and those who had been injured; that the provision was reasonable, and that the assured by signing the statement had assumed liability for damages arising out of the accident, and that this was a violation of the condition which relieved the insurer from liability.

We think it may not be here held that the insurance company was released from its obligation under the insurance contract. The language used by Blake at the hospital comes short of a voluntary assumption of liability. As we construe the insurance contract it states two conditions: first, the assured must not voluntarily admit liability for an accident, and, second, if he voluntarily assumes any such liability the insurer is not liable for such liability as the insured has voluntarily assumed. The words used by Blake do not

amount to a voluntary admission of liability which we presume means a legal liability. It is one thing to admit a fault, but it is quite another and quite a different thing to admit or assume a legal liability. In the Maryland case the liability was distinctly assumed, and the assured agreed to pay it. Here there was no promise on the part of the assured to make such payment. Practically all the cases relied on by defendant may be distinguished either as to the provision which was in the insurance contract, or as to the nature of the supposed admission. Thus in *Koontz v. General Casualty Co.*, 162 Wash. 77, the assured actually authorized confession of judgment in court in favor of the injured party. In *Coleman v. New Amsterdam Casualty Co.*, 247 N. Y. 271, the assured unequivocally refused to comply with the provision of the contract that he would co-operate with the insurer in defense of the claim. In *Fidelity & Casualty Co. v. Marchand*, 13 B. R. C. 1135, the assured allowed a judgment to be taken against him and paid it without giving the insurer an opportunity for appeal. In all these cases, therefore, there was conduct on the part of the assured which tended to prevent a fair adjudication of the rights and liability of the insurance company.

Here, so far as the evidence discloses, substantially all the assured did was to state in the presence of the injured the facts with regard to the accident. It is not suggested that what Blake said was not true. The insurance company might properly contract with the assured that he should not in any way prevent a fair and just trial on the question of liability, but we think it might not lawfully contract for conduct on the part of the assured, which would amount to a suppression of evidence as to the actual facts. Such contract or such provision in the contract, would, we hold, be invalid as contrary to and against public policy (13

Corpus Juris 445; *Goodrich v. Tenney,* 144 Ill. 422) and the burden of proof in respect to voluntary admissions which would prevent a recovery under the contract rests upon defendant. 33 Corpus Juris 109.

In *U-Drive-It Car Co. v. Freidman,* — La. App. —, 153 So. 500, decided by the Court of Appeals of Louisiana March 12, 1934, the court, after a review of the authorities and construing a provision somewhat similar to that in the contract here sued on, held that an admission of fault did not amount to an assumption of liability, since it amounted only to an admission of the truth of the fact from which liability might flow, while an assumption of liability brought into existence a contractual obligation. We approve the rule there stated. We hold therefore that Blake was not precluded by his factual admission of fault from bringing suit on this contract.

Defendant also contends that the evidence does not sufficiently establish the identity of plaintiff's automobile which was in the California collision as the one involved in the policy of insurance issued to plaintiff. No question of variance was raised upon the trial of the case. The question is not specifically raised by the affidavit of merits, and the evidence was, in our opinion, prima facie sufficient and uncontradicted. Under such circumstances the evidence is not required to be so clear and accurate as on a disputed question. *White v. Chicago, P. & St. L. R. Co.,* 196 Ill. App. 459.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.