# Wachs & Company, Appellant, *v.* Fidelity & Deposit Company of Maryland.

*Insurance—Team liability insurance—Written notice of accident—Waiver—Case for jury.*

1. In an action on a policy indemnifying plaintiffs against legal liability for damages on account of injuries or death resulting from plaintiffs' use or maintenance of animals and vehicles, and providing that immediate written notice of an accident should be given the defendant, and that all process should be forwarded to defendant's home office as soon as served, where it appeared that an accident had happened for which plaintiffs had been held liable, that written notice thereof required by the policy was not given but that the defendant's representative was notified by telephone immediately on plaintiff's learning of the accident, three weeks after its occurrence; that on being served with process plaintiffs sent the summons to the defendant, who acknowledged receipt thereof in writing, saying "We are, however, reserving our rights under the policy pending our investigation"; that thereafter defendant assumed charge of the case and by its counsel conducted the trial, which took place over a year after the accident, there was sufficient evidence of waiver of the written notice to carry the case to the jury and the court erred in entering judgment for defendant non obstante veredicto.

2. In such case had defendant desired to take advantage of any forfeiture by reason of plaintiffs' failure to give the required notice, it should have made an investigation within a reasonable time after the date of the communication received by it, and if such investigation disclosed facts warranting a defense on the policy, should have so notified the plaintiffs.

Argued Jan. 12, 1915. Appeal, No. 259, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1913, No. 2283, for defendant entered n. o. v., in case of Adolph Wachs & Manasha Steinberg, trading as Wachs & Company, v. Fidelity & Deposit Company of Maryland. Before Brown, C. J., Mestrezat, Elkin, Stewart and Frazer, JJ. Reversed.

Assumpsit on a team liability insurance policy. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,546.43. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was the judgment of the court.

*John Weaver,* with him *Israeli & Blieden,* for appellants.—The question whether defendants waived their right to have immediate written notice was properly left to the jury: Peoples Mutual Accident Assn. v. Smith, 126 Pa. 317.

*Edward M. Biddle,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1915:

This is an action of assumpsit on a Team's Liability Policy. There was a verdict for the plaintiffs which the court set aside and judgment was entered for the defendant. This action of the court is the ground of complaint in this appeal.

The only question raised by the assignments is whether the court erred in entering judgment for the defendant notwithstanding the verdict, and this involves the sole question whether the learned judge erred in submitting to the jury to determine whether the defendant by its conduct had waived a compliance by the plaintiffs with the terms of the policy as to notice of the accident. The ultimate solution of this question by the court was determined from the language used by the defendant in its written communication to the plaintiffs.

The plaintiffs in this action were sued and a judgment recovered against them for injuries which it was alleged a boy by the name of Louis Forman sustained by being struck by one of plaintiffs' wagons. The present action was then brought against the defendant company on a policy indemnifying the plaintiffs against loss from legal

liability for damages on account of bodily injuries or death suffered by any person by reason of the use or maintenance of their animals or vehicles drawn by their animals and used in their business. The policy agreed to indemnify the plaintiffs against such loss, and also to defend in the name of the plaintiffs any suit brought against them to enforce a claim, whether groundless or not, for damages on account of such bodily injuries or death. It also provided that upon the occurrence of an accident, or a claim made on account of an accident, or a suit brought to enforce such a claim, the assured should give immediate written notice thereof to the home office of the defendant company, or to its authorized representative, and should also forward the summons or other process to the defendant company's home office as soon as served.

The boy was injured on November 6, 1911, while the policy was in force. About three weeks thereafter, the father of the boy called at the place of business of the plaintiffs and stated to Mr. Wachs that one of his children was run over by a butter and egg wagon and he was told by the children in the street that it was plaintiffs' wagon. Wachs said he knew nothing about it but would ask his drivers in regard to it. The next morning Wachs saw all of his men and asked them if they had met with any accident at that place, and they all answered in the negative. He then called up the office of the defendant company in Philadelphia on the 'phone, a young lady answered, Wachs asked for the claim department and a gentleman came to the telephone to whom he "stated the case." This person asked what the employees of the plaintiffs said and Wachs told him, whereupon the person asked if the employees were willing to make an affidavit, to which an affirmative reply was given, and the person then said, "If you hear anything more about it let us know and we will attend to it." About a week later another person, named Volter or Wolter, called on the plaintiffs to find out if they intended to do anything

about the matter, and he was referred by Mr. Wachs to the defendant company. On January 11, 1912, a summons in the Forman case was served on the plaintiff, and Wachs immediately called by telephone the office with which he had previously talked in regard to the case, informed it of the issuance of the writ, and the man at the 'phone told him to send the writ to them and they would attend to it. The plaintiffs at once sent the following note to the defendant company, dated January 15, 1912, enclosing a copy of the summons: "Gentlemen: Enclosed please find summons against us which we are mailing you per request of Mr. Hutchinson on 'phone. Yours truly, A. Wachs & Company." The defendant company's adjuster acknowledged the receipt of this letter the next day, saying: "This acknowledges receipt of summons received from you this morning, and would state that same will receive the proper attention. We are, however, reserving our rights under the policy, pending our investigation." The defendant company assumed charge of the Forman case and its counsel conducted the trial for the plaintiffs which took place in May, 1913, one year and four months after the defendant company had received the copy of the summons placed in its hands by the plaintiffs.

On the trial of the cause the court instructed the jury that the plaintiffs had not complied with the provisions of the policy requiring written notice to be given of the accident, but submitted to them to determine whether in view of the time from January, 1912, to May 21, 1913, the action of the defendant company in appearing for the plaintiffs and defending the suit was a waiver of any forfeiture which it might have had by reason of the failure of plaintiffs to give the required notice. The learned judge said in his instructions: "If you think that the appearance of counsel after that length of time, without any intervening objections, so far as we know, except the one in the letter, in which the company stated that it reserved its rights, waived any objection which it could

have made to the manner in which Wachs and Company had complied with the terms of the policy, you may render a verdict for the plaintiffs in this case for the full amount of the verdict and costs, with interest." The jury found for the plaintiffs. The court entered judgment for the defendant on the ground, as stated in its opinion, that in view of the reservation of the rights contained in the letter acknowledging receipt of the writ, the fact that the counsel for defendant company represented the plaintiffs at the trial cannot be construed to be a waiver either in law or fact, and that if the defendant company discovered the plaintiffs had knowledge of the accident nearly two months before the writ issued, the company would not be estopped from taking advantage of the omission.

We need not determine whether the single fact that the defendant's counsel defended the Forman case in the name of the plaintiffs was sufficient to prevent the defendant from availing itself of the failure of the plaintiffs to give the written notice provided by the policy. That was not the only fact on which the jury based its finding that there had been a waiver by the defendant company of other notice of the accident than it had received. The question submitted was whether the defendant had waived any objection which it could have made to the failure of the plaintiffs to comply with the policy as to notice, by reason of it assuming charge of the action brought against the plaintiffs by Forman, by defendant's counsel defending the action to the exclusion of plaintiffs' counsel on the trial, and by not giving notice to the plaintiffs that it intended to assert the breach of the policy as a defense to any liability thereon.

We are clear that the question of waiver of notice required by the policy was for the jury under the facts and circumstances disclosed by the testimony. The learned judge so thought on the trial, and he only changed this view because of the following reservation contained in the defendant company's letter to the plaintiffs: "We

are, however, reserving our rights under the policy, pending our investigation." He held that by reason of this language the plaintiffs were obliged to show that because of the appearance of counsel for the defendant company in the first litigation, they were in some way prejudiced, and that at any time prior to a settlement of the claim under the policy, the defendant was at liberty to set up matters which would relieve it from its obligation. This, we think, was clearly a misapprehension of the effect of the language contained in the letter referred to. That letter assured the plaintiffs that the Forman suit "will receive the proper attention" by the defendant company. The policy, it will be recalled, required the defendant company to defend any suit brought against the plaintiffs on losses covered by the policy. The language of this letter, therefore, gave the plaintiffs to understand that the defendant would comply with the terms of the policy and defend the action. The letter was written and the summons was sent to the defendant in compliance with the provision of the policy, as noted above, requiring the plaintiffs to give notice of the accident and to forward all process to the defendant, and the defendant, as indicated by its letter, accepted this action as a compliance with the policy as to notice, except an investigation should determine otherwise. The defendant could have declined to accept the summons and to assume charge of the litigation. It apparently did not have sufficient facts before it to determine at once its duty in the premises, and it, therefore, accepted the obligation imposed by its policy, not only to indemnify the plaintiffs against any loss resulting from the Forman suit, but to defend such suit, whether groundless or not, "reserving our rights under the policy, pending our investigation." It will be observed, by this communication, that it did not deny its liability on the policy by reason of the failure of the plaintiffs to give the required notice or for any other cause; it conceded its liability and simply reserved the right to assert any breach of the

WACHS & CO., Appellant, *v.* F. & DEP. CO. OF MD. 269

contract, "pending our investigation." The plain duty of the defendant company, therefore, was to make an investigation within a reasonable time after the date of the communication received by it, and if such investigation disclosed facts warranting a defense on the policy, to so notify the plaintiffs. The defendant company cannot be permitted under the circumstances disclosed by this record, after giving the plaintiffs to understand it accepted liability on the policy and assumed charge of the Forman action during an investigation, to assert a breach of the contract after the lapse of more than sixteen months and a defense by its own attorneys of the Forman suit. The learned court below, rather inconsistently we think, while correctly insisting upon the utmost good faith by the plaintiffs to their insurer in giving prompt notice of the accident, relieved the defendant company from a like promptness in making its investigation and in notifying the plaintiffs of the company's intention to assert a breach of the contract as a defense to liability on the policy. It is true, as the learned judge says, that prompt knowledge of the accident might have been of great use and value to the defendant company, but he overlooked the fact that it was equally as important that if the defendant company intended to resist liability on its policy, that the plaintiffs should be promptly notified so that they could properly defend the Forman action. The plaintiffs had a right to assume that the defendant company's investigation would be promptly made, and that they would be notified within a reasonable time if the defendant intended to deny its liability on the policy. It is apparent there would have been no difficulty whatever in the defendant obtaining within a few weeks at most all information necessary for it to determine when the accident happened and whether the plaintiffs had given the notice required by the policy. The means for obtaining the information were at hand, but were entirely disregarded, and the matter seems to have received no consideration

whatever from the defendant company. That such conduct was prejudicial to the plaintiffs by delaying their investigation of the facts of the case so that they could make an effective defense to the action against them is manifest, and clearly warranted the jury in finding that the defendant waived any failure on the part of the plaintiffs to comply strictly with the terms of the policy. Had the defendant made a prompt investigation and notified the plaintiffs of what it alleges now as a breach of the policy, we would have a different question before us. We are determining the question raised by this appeal within the very narrow limits in which the court below has confined it. The right to set up as a defense a breach of the policy was reserved only for the time required to make an investigation of the facts and not, as the learned court below held, at any time subsequent to making the reservation which would suit the convenience of the defendant company. The question submitted by the court below to the jury was, in our opinion, answered properly by that body, and we are all of the opinion that the verdict should have been sustained and judgment entered thereon.

We do not wish to be considered as consenting to the views of the learned trial judge expressed in his opinion entering judgment for the defendant that there was no evidence from which it could be concluded that the plaintiffs' conversation over the 'phone was with defendant company or its representative; nor that the defendant company's conduct prior to receiving the summons was not a waiver of the written notice required by the policy. While these questions are discussed both by counsel and the court below, they are not raised by the assignments of error and we do not decide them. They will be met when a case arises requiring their decision.

The judgment is reversed, and judgment is now entered on the verdict in favor of the plaintiffs and against the defendant.