## COLUMBIA CASUALTY COMPANY *v.* THOMAS L. INGRAM.

[No. 88, October Term, 1927.]

*Decided February 2nd, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*E. Paul Mason,* with whom was *Robert J. MacGregor* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The Columbia Casualty Company insured the Colonial Carpet Cleaning Company "against loss from the liability imposed by law upon the assured for damages, on account of bodily injuries, * * * accidentally suffered * * * by any person or persons * * * as a result of the ownership, maintenance or use" of a designated automobile. The contract of insurance included an agreement by the insurer to investigate accidents covered by its terms, to negotiate settlement of claims, and to defend suits for damages, on account of such accidents, on behalf of the assured. It was provided in the policy that, upon the occurrence of an accident involving bodily injuries or death, the assured should "give prompt written notice thereof with the fullest information obtainable at the time" to one of the insurer's authorized agents, that the assured should "give like notice with full particulars of any claim made on account of such accident," and that if suit were brought against the assured to enforce such claim, the summons or other process should be "promptly" forwarded by the assured to the home office of the insurer. Provision was made in the policy for an action against the insurer by a person obtaining a judgment against the assured for damages resulting from an accident covered by the insurance, in the event that execution on the judgment should be returned unsatisfied. This is a suit upon such a judgment, and the principal question is whether an alleged failure of the assured to give prompt written notice of the accident to the insurer was waived by its conduct in taking charge for a time of the defense to the suit in which the

judgment against the assured was rendered. The insurer sought to have the question of waiver determined as one of law, by an instruction to the jury that there was no legally sufficient evidence to show that any of the insurer's rights under the policy had been waived, while the plaintiff submitted an instruction permitting the jury to infer a waiver if they found certain facts. The court below granted the plaintiff's prayer on the subject of waiver, and refused the insurer's prayer to withdraw the question from the jury.

There is evidence in the record tending to prove that written notice of the accident was given by the assured to the insurer ten days after it occurred. There is no exception requiring a decision upon the question as to whether such a notice was "prompt" within the intent of the policy. While prayers were offered by the insurer on the theory that the notice was not promptly given, they sought a directed verdict in its favor on that ground without making any reference to the waiver issue. Those prayers, therefore, could not properly have been granted if there was legally sufficient evidence of facts from which an inference of waiver might be drawn, and we agree with the conclusion of the trial court upon that subject.

After receiving from the assured written notice of the accident and papers in the suit on account of personal injuries thereby caused, the insurer wrote a letter to the assured, stating in effect that the report of the accident and transmission of the suit papers had been unduly delayed, and that they were accepted "only under a full reservation" of the insurer's rights under the insurance contract. The letter thus concluded: "We will proceed with an investigation of the facts in the case, but without waiving any of the said rights." The case was at once assigned by the insurer to one of its agents for investigation, and, two days after it was so assigned, the counsel for the insurer entered his appearance in the suit and filed general issue pleas. The general manager of the assured, according to his testimony, was informed by the insurer's investigator that it was "going to take care of the case." After entering his appearance and filing pleas in the

case, counsel for the insurer arranged with the plaintiff's counsel for a medical examination of the person who had been injured in the accident. Exclusive control of the case was retained by the insurer for a period of fifty-one days. It then wrote to the assured a letter, dated September 9th, 1925, which was in part as follows: "We are sorry to advise you, after a careful consideration of all the facts of the situation in this matter, that, acting further under our reservation of July 18th, we must now decline to proceed any further in this case by reason of the prejudice to our interests through the delayed notice to us of the accident and the lack of co-operation on your part in connection with the matter." The evidence does not show in what way any actual prejudice resulted to the interests of the insurer from any delay by the assured in giving notice of the accident, or from any lack of co-operation on his part, as suggested in the letter announcing the decision of the insurer to abandon the defense of the suit then pending. In that letter the assured was advised that the insurer's counsel had withdrawn from the case, and that the assured should have another attorney represent him in the litigation. This was subsequently done, and the suit proceeded to trial and to the judgment on which the present action is based.

While the insurer was entitled to prompt notice of the accident and of the ensuing claim of damages, the assured had the right to be informed within a reasonable time, after the reservation of July 18th, as to whether the insurer intended to accept or disavow the duty of resisting or adjusting the claim. The record shows no reason why a sufficient investigation of the facts could not have been made before the entry of an appearance for the defendant, and the filing of pleas, in the suit against the assured, became necessary. It does not appear that there were any conditions which prevented the insurer from deciding at a much earlier date than September 9th whether it would perform the obligations imposed upon it by the contract of insurance. If prejudice could result to the insurer from a delay of ten days in the receipt of notice of the accident, it is readily conceivable that the

interests of the assured might be prejudiced by the insurer's delay for more than a month and a half in determining upon and declaring its attitude in regard to the question of its liability. The reservation in the letter of July 18th was made specifically for the purpose of permitting an "investigation" by the insurer without a waiver of its rights under the policy. Even if not thus restricted by its terms, the effect of the reservation upon the question of waiver would not be conclusive. *Royal Ins. Co. v. Drury,* 150 Md. 211. But it was not stated in the letter that the assumption by the insurer of full and sole control of the suit brought against the assured would not operate as a waiver of the insurer's right to disclaim liability on the ground of delay in the notification for which the policy provided. The effect, upon the waiver issue, of the insurer's conduct in taking, and so long retaining, charge of the suit, must be considered without reference to the reservation in the letter, because it was not the kind of conduct which the letter specified. Consequently, the primary question is reduced to the simple inquiry whether the control which the insurer assumed, and retained for the period mentioned, over the suit against the assured, must be judicially declared to be insufficient to support the theory of waiver upon which the assured relies. In *London & Lancashire Indemnity Co. v. Cosgriff,* 144 Md. 666, where the policy required immediate written notice of an accident to be given by the assured to the insurance company, and it was contended that such notice was not given, this court said: "There can be no doubt, however, that the company waived any question about the notice in writing, as it took charge of and tried the case on the part of the defendant through its own attorneys." In this case the insurer did not remain in charge of the suit against the assured until the trial, but its retention of control for the considerable period referred to was certainly a fact from which an intention to waive the delay in the notice of the accident might be rationally inferred. The possibility of such an inference justified the refusal of the trial court to direct a verdict for the insurer on the opposite theory.

The case of *Lewis v. Commercial Cas. Ins. Co.*, 142 Md. 472, cited in the argument, was quite different in its facts from the one now being decided. As stated in the opinion in that case, we found "nothing disclosed by the record, in the acts or conduct of the appellee or its agents, to show that it intended to waive the terms of the policy," but from the circumstances of the present case the jury could reasonably infer an intention by the insurer to waive the policy requirement as to the time of notice.

All of the refused prayers of the defendant insurer are inconsistent with the views we have expressed. The first prayer of the plaintiff, after referring to the insurer's letter of July 18th, permitted an inference that prompt notice of the accident was waived if the jury found that the defendant not only proceeded with the investigation proposed in the letter, but also exercised control over the suit against the assured for the period mentioned in the evidence. This prayer was properly granted. There is no criticism of the only other prayer granted at the plaintiff's request.

Four exceptions were taken to rulings on the admissibility of evidence, and one to a statement of the court in explanation of such a ruling. No reversible error is disclosed by any of the exceptions.

*Judgment affirmed, with costs.*