FRANK RAINAULT & another *vs.* BENJAMIN EVARTS.

Hampden.    September 19, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant*, Existence of relation.

At the trial of an action for rent of a store, there was evidence that during the term of a lease in writing of the store by the plaintiff to two partners, one of them transferred to the other all his interest in their business, but did not assign his interest in the lease; that thereafter

the second partner made an assignment for the benefit of his creditors to the defendant, the assignment including all the assignor's interest in real estate; that the plaintiff was not notified of such assignment and did not become a party thereto, but, upon learning of it, notified the defendant that he would look to the defendant for the rent of the store; that the defendant on several occasions thereafter promised the plaintiff that he would pay the rent; that the defendant never took possession of the store; and that, shortly after the assignment to him, he sold all the assets assigned. A motion by the defendant that a verdict be ordered in his favor was denied. *Held*, that the motion properly was denied.

CONTRACT. Writ in the District Court of Holyoke dated August 28, 1928.

Upon removal to the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiffs in the sum of $512. The defendant alleged an exception.

The case was submitted on briefs.

*J. P. Dowling & B. F. Evarts*, for the defendant.

*S. Resnic*, for the plaintiffs.

CROSBY, J. This is an action of contract to recover for rent of certain premises alleged to be due for the months of June, July and August, 1928, at the rate of $215 per month. At the close of the evidence the defendant filed a motion for a directed verdict, which was denied, and the jury found for the plaintiffs in the sum of $512.

There was evidence tending to show that the plaintiffs were the owners of the premises consisting of a store and appurtenances connected therewith; that they executed a written lease thereof to Louis Wernick and Harry Wernick, copartners doing business as the Holyoke Phonograph Company, for the term of three years from August 15, 1927; that after the execution of the lease and before June 1, 1928, Harry Wernick had released to Louis Wernick all his interest in the Holyoke Phonograph Company, but did not assign his interest in the lease. On June 2, 1928, Louis Wernick executed a common law assignment for the benefit of his creditors to the defendant as trustee. The assign-

ment included all the interest of the assignor in the business carried on at the leased premises and also all the assignor's interest in any real estate which he owned and could convey for the benefit of his creditors. No notice of the assignment for the benefit of creditors was given to the plaintiffs and they never became parties thereto. There was evidence that on June 2, 1928, the day the assignment was made, the plaintiffs learned of it and notified the defendant that they would look to him as assignee for the rent of the store; that on several occasions thereafter the defendant promised the plaintiff Epstein that he would pay the rent; that the defendant told the plaintiff Rainault that he "had security" and would take it upon himself to see that the plaintiffs were paid. There was other evidence tending to show that the defendant promised the plaintiffs that he would pay the rent. This the defendant denied. He testified that he never took possession of the store or collected any money in connection with the assignment; that on June 4, 1928, the day the assignment was recorded, he sold the assets to Lena Wernick, wife of Louis Wernick; and that he gave no other creditors an opportunity to purchase the store because all the creditors were paid on the day of the assignment except two who accepted notes signed by Mr. and Mrs. Wernick as security for their claims. Mrs. Wernick testified that she bought the store from the defendant, as assignee, and paid him $800 in cash, and that at that time the defendant told her he was the owner of the store.

It is plain upon the entire evidence that a verdict could not properly have been directed for the defendant. The case was rightly submitted to the jury. A verdict was returned in favor of the plaintiffs in the sum of $512.

*Exceptions overruled.*