## AMERICAN FIDELITY & CASUALTY COMPANY, INC., v. JOHN J. MAHON, JR.

[No. 29, April Term, 1936.]

*Decided June 10th, 1936.*

The cause was argued before BOND, C. J., OFFUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*F. Gray Goudy,* with whom was *H. Beale Rollins* on the brief, for the appellant.

*Zanvyl Krieger,* with whom were *Everett L. Buckmaster* and *Weinberg & Sweeten* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The plaintiff, John J. Mahon, Jr., appellee, had recovered a judgment against Harry Abrams, the owner of a taxicab, for loss of services, medical and hospital expenses, of his wife, Lillian C. Mahon, who had been injured while a passenger in one of Abrams' taxicabs. Abrams had been insured by the defendant, the American Fidelity & Casualty Company, Inc. Execution had been issued on the judgment of the plaintiff against Abrams and returned *"Nulla bona."* The plaintiff then brought suit against the defendant, Abrams' insurer, and from a judgment in favor of the plaintiff, the defendant appeals.

It was alleged in the declaration that on November 1st, 1933, the defendant, in consideration of the payment of $554.40, had issued its policy of insurance in writing, whereby it agreed to insure Harry Abrams in the sum of $5,000 against loss from liability imposed by law against the assured for damages arising or resulting from claims upon him for "actual damages to persons accidently receiving bodily injuries and damage to property by reason of the ownership, maintenance or use by the assured" of a certain automobile, used as a taxicab, mentioned in the policy; that on or about the 17th day of May, 1934, while the policy was in force, Lillian C. Mahon, wife of the plaintiff, was injured when the taxicab collided with another automobile; that the plaintiff lost the services of his wife and was put to considerable expense for hospitalization and medical treatment, as a result of the injuries so sustained; that thereafter the plaintiff brought suit against Harry Abrams, and recovered a judgment against him for the loss of services of Mrs. Mahon, and his expense as a result of her hospitalization and medical treatment; that execution was issued on the plaintiff's judgment against Harry Abrams and "returned unsatisfied because of the insolvency of the assured," whereby a cause of action accrued to the plaintiff on the policy of insurance.

The defendant demurred to the declaration, and its demurrer being overruled, the case proceeded to trial and judgment for the plaintiff.

The first question that arises here is the legal sufficiency of the declaration to entitle the plaintiff to recover against the defendant insurer.

By the contract of insurance the defendant agrees "to indemnify the assured * * * against loss from the liability imposed by law upon the assured arising or resulting from claims upon the assured for actual damages to persons accidentally receiving bodily injuries * * * if such claims are made on account of (1) Bodily injury or death suffered by any person or persons, other than the assured or his employees, as the result of an accident

occurring while this policy is in force; including such first medical aid as shall be imperative at the time of any such accident; and (2) damage to or destruction of property of others," with a provision for recourse against the insurer in case of the insolvency or bankruptcy of the insured.

Liability insurance policies are required by statute to be taken out by all owners of taxicabs in this state in all towns and cities of Maryland having a population of over 50,000 persons, which at present means only Baltimore City. Code (Supp. 1935) art. 23, sec. 361B, Acts 1931, ch. 485. The provision of the section 361B applicable to this case, and which it is contended is integrated with the policy, is: "The owner of every taxicab for which a permit is required under the provisions of this sub-title [sec. 361A], shall, before operating or continuing to operate the same on public streets or highways in this State, * * * take out a liability insurance policy, or policies, in some responsible insurance company authorized to transact business in this State, insuring such owner against liability for personal injury or injuries, to a passenger or passengers in such taxicab, or to a member or members of the general public, resulting from an accident or accidents, casualty or casualties, in which such taxicab may become involved, through the recklessness or negligence of its owner or operator as well as against any damage to property, resulting from such an accident or accidents, casualty or casualties."

There are many authorities to the effect that the statutory provisions must be taken as written into the policy of insurance, where the operation of the business is forbidden until the bond required is filed with the proper official, and that the language and meaning of the contract must be construed in the light of the statute. 28 C. J. 81, and cases there cited. The rule as stated by this court in *Brown v. Smart,* 69 Md. 320, 330, 14 A. 468, 471, 17 A. 1101, is: "That the laws which subsist at the time and place of making a contract enter into and form part

of it, as if they were expressly referred to or incorporated in its terms; and this rule embraces alike those which affect its validity, construction, discharge, and enforcement." In our opinion there is no substantial difference between the requirements of the statute and the terms of the policy, so that the only thing for us to decide is whether the terms of the policy extend the liability to those who suffer consequential damage or are confined to those who sustain personal, physical, injury. The policy also includes those whose property is damaged, but as no such question is involved it will not be considered. *Cliff v. Seligman & Latz* (C. C. A.) 38 Fed. (2nd) 179; *Bruce v. Hanks,* 277 Mass. 268, 178 N. E. 728.

The appellee's contention is that the damage sustained by the plaintiff is one "resulting" from such an accident as was sustained by Mrs. Mahon, and is therefore recoverable by her husband. In determining this question we are limited to the terms of the policy, as the husband's right of recovery is to be bounded by its terms. If it was not the legislative intent to include consequential damages, and only direct personal, physical, injuries, then he has no cause of action against the insurer. *Brustein v. New Amsterdam Casualty Co.,* 255 N. Y. 137, 174 N. E. 304; *Floyd v. Consolidate Ind. & Ins. Co.,* 237 App. Div. 190, 261 N. Y. S. 61.

The question to be decided now has not been before this court, but the form of policy has, in a case where the jury's decision was in favor of a father for loss of service of a child who had been injured by the policyholder. *Columbia Casualty Co. v. Ingram,* 154 Md. 360, 140 A. 601. In that case the only question submitted and argued was whether there had been a waiver of liability by reason of the failure of the insured to promptly notify the insurer of the occurrence of the accident which was the foundation of the suit. As this court can only review questions decided in the trial court (Code, art. 5, sec. 10), the decision in 154 Md. 360, 140 A. 601, is not a precedent in the case here presented.

The plaintiff's chief reliance for his contention that

liability extends to a husband for loss of services and medical expense of the wife is on two cases, *Psota v. Long Island R. Co.*, 246 N. Y. 388, 159 N. E. 180, and *Price v. National Surety Co.*, 246 N. Y. 586, 159 N. E. 662, where it was held under a statute (Highway Law [Consol. Laws, ch. 25] sec. 282-e) requiring cab owners to insure against "injuries to persons or property," that a policy of insurance so conditioned gave a father a right of action for loss of service of a child. In the second of these cases the distinction was made between "injuries to persons" and "injury to the person," as an argument for the construction adopted. The same court, later, in the case of *Brustein v. New Amsterdam Casualty Co.*, 255 N. Y. 137, 174 N. E. 304, 305, a suit by a husband for loss of services of his wife, on a policy covering accidents resulting in "bodily injuries or death," declared that "the language limits the coverage to such injuries only," and "obviously the husband receives no 'bodily injury' from the loss of his wife's services; nor is his wife his property so that an injury to her person is an injury to his property." The same construction was given the words "bodily injury" in the cases of *Williams v. Nelson*, 288 Mass. 191, 117 N. E. 189, *New Amsterdam Casualty Co. v. Nadler*, 115 Ohio St. 472, 154 N. E. 736, and *Cliff v. Seligman & Latz* (C. C. A.) 38 Fed. (2nd) 179.

In this case the policy sued on insures "persons accidentally receiving bodily injuries"; the statute provides for insurance for "personal injury or injuries, to a passenger," which Mrs. Mahon was. It requires no argument to prove that the expressions "bodily injury" to a passenger, and "personal injury" to a passenger, have the same meaning, and that, giving the words their natural and logical meaning, they do not include the consequential damage which the husband has suffered in this case. It is not within the province of this court to extend the terms of a contract by legal construction to cover damage or loss not contemplated by either the statute or policy of insurance. *United Life & Accident Ins. Co. v. Prostic*, 169 Md. 535, 182 A. 421. All of which means

that, in the opinion of this court, the demurrer to the declaration should have been sustained, and leaves nothing to decide with respect to the exceptions taken at the trial.

*Judgment reversed, with costs.*