WATSON *v.* UNITED STATES FIDELITY AND
GUARANTY COMPANY

[No. 232, September Term, 1962.]

*Decided April 5, 1963.*

The cause was argued before Brune, C. J., and Prescott, Horney, Marbury and Sybert, JJ.

*Norman Polovoy* and *Gerard W. Wittstadt,* with whom was *Howard Fine* on the brief, for the appellant.

*Robert E. Coughlan, Jr.,* and *Alva P. Weaver, III,* with whom were *Lord, Whip, Coughlan & Green* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

An insurer sought and obtained a declaratory judgment to the effect that the appellant (the insured) and the driver of his automobile at the time of an accident were not protected by an automobile liability insurance policy issued by the insurer, and the insurer was not required or obligated to defend any claims or suits arising out of said accident, nor to pay any judgments or costs which may be rendered as a result of any suit filed for damages resulting from said accident.

The appellant suggests that four questions are presented by the appeal, but all of his contentions may be answered under two headings :

1. Is the insurer herein liable under its policy of insurance even though the assured failed to comply with a condition precedent of the policy requiring the giving of written notice of an accident as soon as practicable?

2. Has the appellee waived, or become estopped to assert, its defense of the policy provision respecting notice?

The United States Fidelity & Guaranty Company (Company or appellee) issued to the appellant an automobile liability insurance policy, which required the insured, as a condition precedent, to give written notice of an accident to the insurer "as soon as practicable" following an accident.[1] On March 5, 1961

---

1. Conditions 3 and 6, in part, state:

"3. NOTICE. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable.

\* \* \*

"6. ACTION AGAINST COMPANY. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy \* \* \*."

(all subsequent dates are in 1961 unless otherwise specified), when the policy was in full force and effect, the appellant was riding in the front seat of his automobile, which was being operated in Baltimore City by one Joseph Chapple, when it became involved in an accident with two other motor vehicles. The appellant claimed to have been asleep at the time of the accident, but Officer Hall, who interrogated him at the scene of the accident just a few minutes after its occurrence, advised him that his car had been involved in the accident, and the trial judge found that appellant did know that his car had been involved.

Appellant did nothing concerning the accident until he received a letter from an attorney, on April 8th, stating that he represented a party who claimed damages resulting from the accident. This letter was taken to the Company's office on April 10th, and, at that time, the accident was reported to it. On April 13th, the Company sent a reservation of rights letter to the appellant informing him that in view of the fact that prompt notice of the accident had not been given to it, in accordance with the terms and conditions of the policy, "we are holding this notice and letter from Attorney without prejudice and under strict reservation of the company's rights pending the completion of our investigation."

Thereafter the Company undertook a routine investigation, and assembled as much information concerning the accident as was then available. On June 3rd, Robert Ellis, an adjuster for the Company, went to appellant's house, and, during the course of his visit, informed appellant that he thought there would be a denial of coverage. No further investigation relating to the facts of the accident was made by the appellee.

By letter dated June 12th, the appellee consulted its counsel with reference to the filing of a declaratory judgment proceeding to test its liability under the policy, but was advised that such an action could not be maintained at that time. Counsel apparently believed that no justiciable issue could be presented to the court until suit had been filed against the assured. A like inquiry was made by the Company on October 12th, after it had received, on October 11th, a notice of hospital lien con-

cerning one of the persons claiming to have been injured in the accident, and it was again notified that declaratory judgment action would not lie. After consulting additional counsel, this suit was instituted on November 9th. All persons claiming to be entitled to damages resulting from the accident were joined as defendants; however the appellant, alone, prosecutes this appeal.

I

A policy of insurance is, of course, a contract, and when the language employed in it is unambiguous, such a policy is to be construed as other contracts. In the policy here involved, by the plain and explicit terms of conditions 3 and 6, written notice of an accident to the Company as soon as practicable is made a condition precedent to an action against the insurer. *Lennon v. Amer. Farm. Mut. Ins. Co.,* 208 Md. 424, 118 A. 2d 500. Such a condition precedent (although it may be waived, and, under certain circumstances an assurer may be estopped from asserting it as a defense) is one that must be performed before any obligation on the part of the assurer commences. Cf. *Employer's Liability Assurance Corp. v. Perkins,* 169 Md. 269, 181 A. 436.

The appellant asserts that the Company was under "an affirmative duty" promptly to investigate the accident following its reservation of rights letter, and thereafter to advise him within a reasonable period of time whether it intended to deny coverage. Of course the Company was obligated to investigate the accident promptly, which it did. One of the proper objectives of such an investigation would have been, and no doubt was, to ascertain whether the notice given by the insured was furnished "as soon as practicable" after the accident.[2] The investigation disclosed that the notice was not so given; a fact that is not contested by the appellant, hence no more need be said concerning it. And we find no "affirmative duty" imposed by the policy, or the law, upon the Company to advise the appellant of its intention to deny responsibility within any specified

---

2. For the meaning of "as soon as practicable," not at issue here, see Lennon v. Amer. Farm. Mut. Ins. Co., 208 Md. 424, 430, 118 A. 2d 500.

period of time, short of such a period as would constitute a waiver of the notice condition, or would estop the Company from asserting it as a defense. In regard to the lapse of time before disavowal of liability in the instant case, we deal with it when we reach the questions of waiver and estoppel.

The appellant further asserts "that the modern view which holds that the insurer must show actual prejudice in order to be relieved of its obligations under a policy is clearly the better view, and the one now being followed by a majority of jurisdictions." In other words, he contends that even though the notice condition herein involved is a condition precedent, it is unavailable to the Company as a denial of liability under the policy, unless the Company was prejudiced by the failure to give prompt notice. This contention is not in accord with the Maryland decisions, nor with the weight of authority elsewhere in this country.

In *Lewis v. Commercial Cas. Ins. Co.*, 142 Md. 472, this Court approved a prayer that took the case from the jury because "the uncontradicted evidence" showed that the insured failed to give notice in accordance with the terms of the policy. The question of actual prejudice to the insurer is not explicitly dealt with in the opinion, but the Court points out the wisdom of assurer's requiring prompt notice of accidents, and no specific items of harm to the insurance company were proved. The Court, in *Amer. Etc. Ins. Co. v. Fid. & Cas. Co.*, 159 Md. 631, 152 A. 523, held that when the insured admitted liability, in violation of the policy, it was a material breach irrespective of prejudice to the assurer. Although there was no necessity for a direct ruling upon the subject, the same principle was recognized in *American Cas. Co. v. Purcella*, 163 Md. 434, at page 439, 163 A. 870. In *Employer's Liability Assurance Corp. v. Perkins, supra*, 169 Md. 269, 181 A. 436, the insured notified the assurer of the accident, but failed to "forward the suit papers." The Court stated: "On principle and by the weight of authority, the general rule is that, without reference to whether or not the assurer sustained any * * * prejudice by the failure of the assured to forward * * * the documents served upon the assured, this failure to fulfill a condition upon which perform-

ance by the assurer is dependent was a breach of the contract, which denied the assured a right of recovery * * *." And, in *Lennon v. Amer. Farm. Mut. Ins. Co., supra,* it was said: "We adopt the rule, which has been followed * * * in this country almost universally, that in order to hold liable the insurer * * *, the insured must give to the insurer a notice of the accident in accordance with the policy's provision * * *." Compare *Fid. & Cas. Co. v. McConnaughy,* 228 Md. 1, 13, 179 A. 2d 117, and *National Indemnity v. Simmons,* 230 Md. 234, 186 A. 2d 595.

These decisions of the Court of Appeals are in accord with the great weight of authority in this country. *Houran v. Preferred Acc. Ins. Co. of New York,* 195 A. 253 (Vt.), and *State Farm Mut. Automobile Ins. Co. v. Cassinelli,* 216 P. 2d 606 (Nev.), are two cases dealing with the question of prejudice, which have been frequently cited. The opinion in *Cassinelli* is carefully reasoned, well expressed and quite comprehensive in nature. We quote from it briefly (216 P. 2d 615):

> "Thus we see that while terms of great variety are used in defining the effect of a failure to give notice, when the same is defined by the policy as a condition precedent, they lead to precisely the same result. * * *. As we have seen however, a careful consideration of the cases shows that in no case so holding [that prejudice was required] did the policy contain a clause to the effect that the compliance with the requirements for notice was a condition precedent to recovery. It would be presumptuous on our part to establish a rule of law in this state which departs from the overwhelming majority of decisions throughout the United States."

And we add that most of the cases, cited by the appellant as sustaining his point of view, are considered and carefully analyzed in this opinion. For a collection of the cases establishing and supporting the majority rule, see the annotations in 76 A.L.R. 23, 123 A.L.R. 952, and 18 A.L.R. 2d 447, 452, 453.

## II

This Court has had occasion to deal with questions of waiver and estoppel many times. In *Gould v. Transamerican,* 224 Md. 285, 167 A. 2d 905, we pointed out in considerable detail the close relationship between waiver and estoppel, and, at times, the difficulty in distinguishing between an implied waiver and an estoppel. We said that many courts now state that waiver not only includes the intentional relinquishment of a known right, but such conduct as warrants an inference of the relinquishment of such a right, and may result from an express agreement or be inferred from circumstances; and the distinction between waiver and estoppel most frequently adverted to is that waiver rests upon the intention of a party, while estoppel rests upon a detrimental change of position induced by the acts or conduct of the party estopped.

The appellee admits, as it indeed must, that the requirement of notice, even though a condition precedent, may be waived. The appellant does not contend there was an express waiver thereof, but claims the Company completed its investigation of the facts surrounding the accident sometime in June, and its failure to institute the present suit until November 9th, or to notify appellant of its intention to deny liability, constituted such conduct as requires an inference that the Company has waived the failure of the appellant to give it timely notice.

The two Maryland cases that come the closest to lending support to appellant's present contention are *Columbia Casualty Co. v. Ingram,* 154 Md. 360, 140 A. 601, and *Hankins v. Pub. Ser. Mutual Ins. Co.,* 192 Md. 68, 63 A. 2d 606, but neither of them requires a reversal of the findings of the trial judge. In *Ingram,* the Court was not called upon to decide whether the insured had failed to give "prompt written notice" of an automobile accident (due to the lack of an exception), but was called upon to determine whether the conduct of the insurer was such as to raise a jury question as to waiver of an alleged failure by the insured to give such notice. After receiving the notice and suit papers from the assured, the insurer wrote a letter to him stating that the report of the accident had been unduly delayed (ten days), and that it and the suit papers were

accepted "only under a full reservation" of the insurer's rights. The letter concluded thus: "We will proceed with an investigation of the facts in the case, but without waiving any of said rights." The case was immediately assigned to one of its investigators, and two days later, counsel for the insurer entered his appearance and filed pleas. Said counsel also arranged with plaintiff's attorney for a medical examination of the plaintiff. *Exclusive control of the case, which had been instituted in court, was retained by the insurer for a period of fifty-one days,* and it then wrote assured that it declined to proceed any further because of the prejudice to its interests due to the delayed notice. No actual prejudice, however, was shown. The Court pointed out that the reservation in the assured's letter was "specifically for the purpose of permitting an 'investigation,'" hence, "the effect, upon the waiver issue, of the insurer's conduct in taking, and so long retaining, charge of the suit, must be considered without reference to the reservation in the letter, because it was not the kind of conduct which the letter specified." The Court stated the record showed no reason why a sufficient investigation of the facts could not have been made before the entry of an appearance for the defendant, or pleas filed in his behalf, and, although the insurer was entitled to prompt notice of the accident, the "assured had the right to be informed within a reasonable time, after the reservation of July 18th, as to whether the insurer intended to accept or disavow the duty of resisting or adjusting the claim." It then held that "the control which the insurer assumed, and retained for the period mentioned, over the suit against the assured" could not, *as a matter of law,* be judicially declared insufficient to support the insured's theory of waiver, but, "from the circumstances of the present case the jury could reasonably infer an intention by the insurer to waive the policy requirement as to time of notice." In other words, the Court held the question of waiver to be one of fact.

The paragraph in *Hankins, supra,* relied upon by appellant is short, and pure *dictum.* In that case, the lower court had held that an insurance company was relieved of responsibility under a policy due to a failure to notify one of its "authorized agents" of the accident. During the course of the opinion reversing the

trial court, it was said, "Although it is not necessary that we pass upon whether the insurance company waived the alleged neglect of the insured to report the accident promptly," yet under the authority of *Ingram,* the trial judge might have decided the long delay (some six and one-half months) of the insurance company in determining its liability under the policy and in denying such liability amounted to a waiver of the prompt notice provision. This was merely an assertion that the question of waiver, had it been necessary to have been passed upon in that case, was one of fact, and the trial judge, as the trier of facts, "might" have determined the question adversely to the insurer.

In the case at bar, the assurer specifically reserved, in writing, its rights under the conditions of the policy. It did not have its counsel assume control over any suit filed against the insured (none had been filed), nor did it assume control over any matters pertaining to the accident, except its own investigation thereof. (In making these assertions, we do not indicate that such conduct would necessarily constitute waiver.) The insured was at liberty to make any investigation that he may have desired. None of the Company's representatives, by oral statements or writings, gave the insured any indication that there had been any alteration in the Company's position under its "reservation of rights" letter. On the contrary, he had been informed that the Company would probably deny liability. The only thing the insurer is alleged to have done wrong is its failure to notify the insured of its intention to deny liability sometime before November 9th, when it began this suit; and the insured contends, as we indicated above, that this conduct constituted a waiver of the notice provision as a matter of law. We are unable to conclude that the actions and conduct of the Company amounted to a waiver as a matter of law, but hold that, under the authority of *Ingram,* and *Hankins, supra,* and other Maryland cases dealing with the subject, they presented a question of fact concerning the alleged waiver.

The trial judge found there was no waiver of the notice provision, and, under the circumstances, we cannot say the finding was clearly erroneous. Maryland Rule 886 a. It, unquestionably,

would have been preferable for the assurer to have notified the insured as soon as it decided to deny liability, and it would have done so very shortly thereafter by the institution of suit for declaratory relief, except for the advice of counsel that such a suit would be premature. We agree with the learned trial judge that "the reservation of the Company's rights pending the completion of our investigation" included the "right to make its investigation of both the law and the facts," and we hold that his finding of no waiver of the notice provisions was justified under the circumstances. See *Phillips v. Stone,* 8 N. E. 2d 890 (Mass.) where, after a reservation of rights relative to an improper notice by an assured, the Court said: "The practical course was to investigate the facts and *law* (emphasis ours) governing the insurer's liability, and in the meantime to protect the [insured] from a default in the action," and *Allstate Ins. Co. v. Manger,* 213 N. Y. S. 2d 901, wherein, after a like reservation, it was held that an insurer had not waived its defense of improper notice (nor did its conduct give rise to an estoppel) even though it had interposed a defense to an action against the insured, obtained a bill of particulars and obtained hospital records.

The rather early case [3] of *Wachs & Co. v. Fidelity & Deposit Co. of Maryland,* 93 A. 1007 (Pa. 1915), is heavily relied upon by the appellant. There, the actual holding of the Court was simply that a judgment n.o.v. for a defendant insurer should not have been granted, because the question of waiver by the assurer, after an improper notice, had been properly submitted to the jury. During the course of its opinion, the Court uses some broad and sweeping language. In so far as there is anything in this opinion contrary to what is there said, we, respectfully, decline to follow that case. We note that although the case was decided nearly a half century ago, it has been followed in no case since.

The question of estoppel gives us little difficulty. In the case at bar, there is not a shred of evidence that the insured was in any way prejudiced, in any way misled, or in any way changed his position as a result of the time span between his receipt of

---

3. Facetiously, this could be referred to as a "horse and buggy" case. It involved a team liability insurance policy.

278

the reservation of rights letter and the institution of the present suit. We hold that the assurer was not estopped from denying liability.

*Judgment affirmed, with costs.*