The OHIO CASUALTY INSURANCE COMPANY, a body corporate

v.

Alexander H. ROSS, Defendant and Eva M. Branamen, Defendant and Third-Party Plaintiff,

v.

UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, Third-Party Defendant.

Civ. A. No. 13433.

United States District Court
D. Maryland.

Sept. 27, 1963.

W. Hamilton Whiteford, Baltimore, Md., for plaintiff.

Alexander H. Ross, pro se.

John T. Brooks, Baltimore, Md., for defendant Eva M. Branamen.

Gerald William Wittstadt, Asst. Atty. Gen., Baltimore, Md., for third-party defendant.

R. DORSEY WATKINS, District Judge.

This is a suit brought by The Ohio Casualty Insurance Company (Casualty), insurer, against Alexander H. Ross, its insured, and Eva M. Branamen for a declaratory judgment that Ross was not covered by an automobile liability policy issued by plaintiff as regards a collision on October 9, 1960, involving an automobile operated by Ross and an automobile owned and operated by defendant Branamen; that insurer is not obligated to defend any suit against Ross by Mrs. Branamen arising out of said accident; and that insurer is not obligated to pay any judgments which might hereafter be rendered in such a suit against Ross for damages arising from said accident.

Jurisdiction is based upon diversity of citizenship and the requisite amount in controversy. Defendant Branamen filed a third party complaint against the Unsatisfied Claim and Judgment Board on the ground that, in the event of a declaratory judgment of non liability on the part of plaintiff insurer, the Board under the provisions of the Unsatisfied Claim and Judgment Fund Law, Article 66½, sections 150–179, Annotated Code of Public General Laws of Maryland, 1957 Edition, might be required in any suit filed by Mrs. Branamen against Ross to supervise the defense of Ross and to pay, up to the statutory limit, any judgment rendered as a result of such a suit. Leave to implead the Board was granted and the Board answered the third party complaint by admitting all allegations as to its interest in the proceedings.[1]

Denial by plaintiff insurer of liability under the policy is predicated on two grounds; first, that in violation of the policy's provisions Ross, fully cognizant of Mrs. Branamen's claim of having sustained personal injuries, failed to notify the plaintiff insurer of the occurrence of the collision as soon as practicable and, secondly, in further violation of the policy's provisions assumed liability for the accident by payment to Mrs. Branamen of the cost of repairing damages caused by the accident to the Branamen car. The pertinent provisions of the policy are found in paragraphs three, five and six of the "conditions" and are as follows:

"3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * *

---

[1] The Board has not contested its potential liability in the event of a declaratory judgment in the insurer's favor. Section 154 of Art. 66½, Unsatisfied Claim and Judgment Fund Law, was amended on March 23, 1960, effective from date of passage, to read:

"(a) Time and contents of notice.—Any qualified person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after the first day of June 1959, and whose damages may be satisfied in whole or in part from the fund or the personal representative of such person, shall, within 90 days after the accident, as a condition precedent to the right thereafter to apply for the payment from the fund, give notice to the Board, * * * provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court * * * (2) that he gave notice to the Board within 30 days of receiving notice that an insurer had disclaimed on a policy of insurance so as to remove or withdraw liability insurance coverage for his claim against a person or persons who allegedly caused him to suffer damages."

Thus the Maryland Legislature has clearly recognized the right of one suffering damages to proceed against the fund in a disclaimer situation. In the instant case notice was actually given within approximately 30 days after the accident.

*   *   *   *   *

"5. Assistance and Cooperation of the Insured—Parts I, III and IV. * * * The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

"6. Action Against Company—Part I. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, * * *"

The facts are not in dispute.[2] As the policy period ran from June 25, 1960 to June 25, 1961, the policy was in full force and effect when the accident herein involved occurred on October 9, 1960 in Pikesville, Maryland. At the scene of the accident the defendants exchanged the usual, pertinent information such as names, addresses and registration numbers and exhibited their respective operator's licenses. Ross, however, did not disclose the name of his insurance company. He assumed full responsibility for the necessary repairs to Mrs. Branamen's car, the repairs were completed within a matter of a day after the accident, and Ross paid the bill. Several days later Mrs. Branamen experienced difficulty with her back and notified Ross that she had suffered personal injuries due to the accident. In that conversation, and a subsequent one, Ross appeared "coopera-

tive" although Mrs. Branamen could not recall that Ross specifically advised her to send bills for her expenses to him. In November of 1960 notice was given by Mrs. Branamen to the Unsatisfied Claim and Judgment Fund Board that claim would be made upon the fund. The Board designated American Motorists Insurance Company to investigate the accident. On December 22, 1960 plaintiff insurer received at its Towson claim department a letter from American Motorists Insurance Company (American) stating that American was investigating an accident which occurred on October 9, 1960 at Old Court Road and Walker Avenue, Baltimore, Maryland, that Ross had advised American that he was an insured of plaintiff, and that certain information regarding Ross's policy would be appreciated. Plaintiff replied to this letter by saying that it had no record of an accident on October 9, 1960. The same day a letter from counsel for Mrs. Branamen was received by plaintiff insurer indicating a desire to discuss possible settlement of claims of Mrs. Branamen arising out of the accident on October 9, 1960, "in which your insured, Alexander Haywood Ross, 1737 Broadway, Baltimore 13, Maryland was also involved." Plaintiff checked its files and due to a difference in home addresses between its named insured and the Ross referred to in counsel's letter noted in the margin of the letter—"not same case", "not our assured." Five days later, on December 27, 1960, Ross finally

2. Defendant Ross, represented by counsel furnished by the Legal Aid Bureau, Inc., filed an answer to the complaint admitting all of the allegations of the complaint material to the issue presently before the court except that Ross alleged that he was without knowledge and information sufficient to form a belief as to the truth of the allegations relating to the exact date that he first reported the accident to the plaintiff and executed a nonwaiver agreement. Subsequently Legal Aid counsel received the permission of the court to strike his appearance on the representation that Ross had obtained employment and was able to engage private counsel. This Ross failed to do and he

was not thereafter represented by counsel. He did not appear at the hearing held in this case to establish the facts although he was notified in advance of such hearing. Furthermore, he was advised by certified mail after the hearing that he might still contact the Clerk's office to make arrangements for his testimony to be taken and that his failure to do so would result in the case being decided on the facts brought out in the hearing. Ross did not respond. Accordingly, the facts are as stipulated by plaintiff insurer, Branamen and the Board and as established by the uncontradicted testimony and evidence offered at the hearing.

reported the accident to the plaintiff insurance company and on the same date executed, together with plaintiff insurer, a non-waiver agreement following which the plaintiff first began an investigation of the accident. On February 2, 1961 plaintiff wrote to Ross disclaiming liability under the policy because of breach of contract on the part of Ross in failing to report the accident promptly, assuming liability by payment to Branamen and continued delayed notice to plaintiff insurer after Ross had knowledge that personal injury was being claimed. The instant suit for a declaratory judgment of non liability under the policy followed.

■ As jurisdiction is based upon diversity of citizenship, the law of Maryland is controlling (Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188). In approaching the conflict the laws problem often present in contract of insurance cases, the Court of Appeals of Maryland has stated the Maryland conflict of laws rule to be that an "insurer's liability under an automobile liability policy is generally to be determined in accordance with the law of the place where the contract was entered into, Cohen v. Pennsylvania Casualty Co., 183 Md. 340, 38 A.2d 86, and not of some other jurisdiction." (Galford v.

Nicholas, 1961, 224 Md. 275, 281, 167 A.2d 783, 786). "In accordance with general principles relating to contracts where the parties are in different jurisdictions, a contract of insurance is deemed to be executed at the place where the last act is done which is necessary to complete the transaction and bind both parties." (29 Am.Jur., Insurance, section 21). "Although generally the contract will be deemed to have been made at the home office of the insurer if the first premium accompanies the application, where the policy provides that it *shall not be valid until it is countersigned* by an officer or agent of the company, *the place of countersigning is* held to be *the place of the making of the contract.*" (29 Am.Jur., Insurance, section 22; emphasis supplied). In the instant case the last sentence of the policy, page 4, under "conditions", reads:

"IN WITNESS WHEREOF, THE OHIO CASUALTY INSURANCE COMPANY has caused this policy to be signed by its Secretary and its President, but the same shall not be valid or effective until countersigned on the Declarations page by a duly authorized agent of the company."

On the bottom of the Declarations page appears:

| Date and Place of Issue | Renewal of Policy No. | Countersigned by (Authorized Agent) |
|---|---|---|
| June 25, 1960 Towson, Maryland | FA 317 68 10 4/7/60 elt | Ford-Griffin Insurance Agency, Inc.[3] |

(McHale)

Clearly this contract was "executed" or "made" in the State of Maryland. As the lex loci contractus governs the construction and effect of the insurance policy in suit, Maryland law applies to the issues presented, namely:

1. Is plaintiff insurer liable under its policy of insurance even al-

though its insured failed to comply with a condition precedent of the policy requiring the giving of written notice of an accident as soon as practicable?

2. Is the plaintiff insurer liable under its policy of insurance even although its insured voluntarily

3. Ford, Griffin & Dashiell, Inc. are listed in the telephone book as having their offices at 724 York Road, Towson, Maryland.

made payment and assumed an obligation for expenses other than for immediate medical and surgical relief to others?

## Discussion.

■ 1. Failure to give notice.

It would be difficult to find a case more closely on point than Watson v. United States Fidelity & Guaranty Co., 1963, 231 Md. 266, 189 A.2d 625. There the identical problem was before the court; "conditions" identical to "conditions" 3 and 6 in the instant policy, quoted earlier in pertinent part in this opinion, were involved; and insured asserted, as defendant Branamen here asserts, that failure to comply with the notice condition does not void the policy unless the company can show prejudice to it resulting from such failure. The only distinction between the Watson case and the present case is that the delay in notification to the insurance company was much less in the Watson case than in the instant case. In the Watson case, the Maryland Court of Appeals stated:

> "A policy of insurance is, of course, a contract, and when the language employed in it is unambiguous, such a policy is to be construed as other contracts. In the policy here involved, by the plain and explicit terms of conditions 3 and 6, written notice of an accident to the Company as soon as practicable is made a condition precedent to an action against the insurer. Lennon v. American Farmers Mutual Insurance Co., 208 Md. 424, 118 A.2d 500. Such a condition precedent * * is one that must be performed before any obligation on the part of the assurer commences. Cf. Employers Liability Assurance Corpo-

ration v. Perkins, 169 Md. 269, 181 A. 436.

\* \* \* \* \* \*

> "The appellant further asserts 'that the modern view which holds that the insurer must show actual prejudice in order to be relieved of its obligations under a policy is clearly the better view, and the one now being followed by a majority of jurisdictions.' In other words, he contends that even though the notice condition herein involved is a condition precedent, it is unavailable to the Company as a denial of liability under the policy, unless the Company was prejudiced by the failure to give prompt notice. This contention is not in accord with the Maryland decisions, nor with the weight of authority elsewhere in this country." (Watson v. United States Fidelity & Guaranty Co., 231 Md. at pages 271, 272, 189 A.2d at page 627).

This recent decision is, of course, dispositive of the present case even were delay on the part of plaintiff's insured in the giving of the requisite notice [4] not both aggravated and seemingly inexcusable. Accordingly, plaintiff is entitled to a declaratory judgment that its insured was not protected by the automobile liability insurance policy in suit as regards the specific accident herein involved; that plaintiff is not required or obligated to defend any claim or suit arising out of said accident; and that plaintiff is not required or obligated to pay any judgment or costs which may be rendered as a result of a suit filed for damages arising out of said accident.

■ 2. Voluntary payment.

The court's conclusion as to the effect on insurer's liability of an insured's fail-

[4]. It is appropriate to note that the court has not been required to consider whether or not the two letters received by plaintiff on December 22, 1960, one from American Motorists Insurance Company and one from Mrs. Branamen's counsel, constituted notice to the insured within the meaning and intendment of the notice provision of the policy. The five day time lapse between insurer's receipt of said letters and notification from its insured is so relatively insignificant when the overall delay in notification is considered that even assuming, without deciding, that notice was received by December 22, 1960, the conclusion of the court in the instant case would be the same.

ure to comply with a notice condition, a condition precedent to an action against the insurer, makes it unnecessary to consider the second issue presented by the plaintiff insurer. However, lest an Appellate Court not agree with this court's construction under Maryland law of conditions 3 and 6 of the policy in question, it might be well to note that Chief Judge Thomsen of this court, having before him a condition in an automobile liability insurance policy identical in wording to condition No. 5 in the instant policy, stated: "The specific provision upon which the insurer relies—that the insured shall not, except at his own expense, voluntarily assume any obligation—is a condition of the insurer's liability; the breach of that condition relieves the insurer from liability, without proof of prejudice to the insurer. American Automobile Ins. Co. v. Fidelity & Cas. Co., 1930, 159 Md. 631, 637, 152 A. 523. See also Indemnity Ins. Co. of North Carolina v. Smith, 1951, 197 Md. 160, 164, 78 A.2d 461." (Cohen v. Employers' Liability Assur. Corp., Ltd. of London, D.C.Md.1960, 187 F.Supp. 25, 28, affirmed, per curiam, "upon the opinion of the District Judge", 4 Cir., 1961, 289 F.2d 319). While Chief Judge Thomsen was considering the import of the language "assume any obligation" and the section of the condition herein involved is "make any payment", the legal effect of a violation of either condition on the liability of the insurer would be the same. If anything, the completed act of making a payment would seem to be an act even more adverse to the insurer. In the leading Maryland case on this point in which one of the conditions of the contract to which the insured agreed, and which was expressed in unambiguous terms, was that the "assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceeding or incur any expense or settle any claim, except at assured's own cost, without the written consent of the Company previously given", the Court of Appeals of Maryland stated "There can be no doubt that the violation of that condition contained in the policy is a breach of the contract." (American Automobile Insurance Company v. Fidelity & Casualty Company, 1930, 159 Md. 631, 633, 637, 152 A. 523, 524). Accordingly, the court finds as a fact and concludes as a matter of law that the insured's voluntary payment of cost of repairs of damages to the car of Mrs. Branamen and his voluntary assumption of liability for further expenses arising out of personal injuries to Mrs. Branamen constituted a breach of condition No. 5 and consequently relieve the insurer from liability without proof of prejudice to the insurer.

Counsel will present an appropriate judgment order giving effect to this decision.